Leddel's Executor *v.* Starr.

---

LEDDEL's EXECUTOR *vs.* STARR and wife and others.

1. This court has no power to remove an executor; that power belongs exclusively to the Orphans Court, and perhaps, in some cases, to the Ordinary.

2. When an executor is also trustee, and the matters in his charge as trustee can be separated from those confided to him as executor, this court may remove or supersede him as trustee, but in such case he will be left to execute and perform any duty devolving upon him as executor.

3. In proper cases, this court will enjoin an executor from proceeding further in the execution of his duties as executor, and will appoint a receiver, and direct him to pay over the estate in his hands to the receiver to be administered under the direction of the court. But in such case he is not removed or superseded as executor.

4. Generally, a receiver will only be appointed on bill filed for that purpose, and rarely before answer, except under provisions by particular statutes. He will be appointed on petition, only in the cases of infants.

whose position as wards of the court gives them the right to apply by petition, or in cases similarly situated.

5. A receiver will not be appointed, as against a complainant, upon the application of a defendant

6. No positive relief is ever granted to a defendant, except on cross-bill ; and no relief, except it be founded on allegations in the bill, or other pleadings in the cause.

On argument of order to show cause why the complainant should not be removed or suspended from the exercise of his office as executor, and a receiver be appointed.

*Mr. Pitney*, in support of the order.

The papers show that all the original inventory has been converted into money, except one small bond and mortgage of Elias Bishop and wife, for $525, and except the Starr bond of $6240 ; and the main question in the principal case is, whether that is paid by the assets of Mrs. Leddel.

Those assets complainant brings into court, and asks the court to settle the title to them. If adjudicated to belong to the estate, they will constitute the bulk of the estate. If adjudged to Mrs. Leddel's administrator, they will constitute the bulk of her estate. They are the subject matter of the suit, and all parties interested in them, in either event, are before the court. This subject matter is a fixed one, and is in court. No process is required to bring it here. Complinant brings it here himself. It consists mainly of his own obligations.

The case then, on this motion, is simply that complainant brings into court his own unpaid check and promissory note, and asks the court to say to which of the parties they belong. The question is, whether, if it be proper to collect or secure such check and note, *pendente lite*, a cross-bill is necessary for that purpose.

It is really not a case where a receiver is necessary in order to protect the fund. A receiver, properly speaking, is only necessary when there are rents and profits to receive, or a mass of accounts to collect. These matters involve some extended relief.

In the case in hand, the court can protect the fund by a simple order that it be paid into court. *Edwards on Receivers* 12. This the court may and should do on its own motion, if it appears at any time necessary in order to secure the fund.

*Robinson* v. *Hadley*, 11 *Beav.* 614, was a case where one executor complainant sought to take a portion of the fund out of the hands of his co-executor defendant, by the machinery of a receiver, and it was held, in absence of any action of the parties beneficially interested, that the co-executor defendant could not turn around in same suit, and apply same machinery to the plaintiff.

This case is different. *There* the fund was not in court. *Here* complainant comes into court with his own notes and check, and asks the defendant to interplead about them. He treats them as cash. The court, perceiving that they are not cash, ought, in a bill in the nature of a bill of interpleader, to make them cash.

Of what use would a cross-bill in this case be? What end would it subserve? Every party is before the court. The fund is before the court. All we ask is, to change its form. Such suit would not be brought to hearing. *Edwards on Receivers* 530. When the fund was ordered paid into court, or the receiver appointed, the suit would have accomplished its end.

I admit I cannot find a precedent for the practice I have adopted; neither can I find such a case reported. I can find no precedent against it. I can find no case where a cross-bill has been filed by a defendant, praying a receiver against a complainant executor who files his bill for a settlement.

If an executor should file a bill to settle his estate in chancery, and among his assets should appear a promissory note of a person in doubtful or insolvent circumstances, would the court require a cross-bill, as part of the machinery necessary to secure that note? How would the case differ, if the complainant himself were the maker of the promissory note?

o*

The rule is, that no independent affirmative relief can be granted to a defendant, except on a cross-bill. But here no such relief is asked. It is not relief to a defendant, to ask the court to preserve the very subject of the suit, made so by the plaintiff's own act.

·The bill which counsel on the other side contends should be filed to preserve the subject matter of this suit, could not be named or classified by the descriptions of different kinds of bills, as found in the treatises. See *Mitf. on Plead.*, *ch. I.* It is not a cross-bill, and no case can be found where such a bill has been filed, though the occasion for it must have been frequent.

Suppose the testimony taken on the main issue made by the bill and answer disclosed complainant's insolvency, and we should file a bill for a receiver, could that testimony be used on the motion for his appointment?

A bill for receiver is used where one party complainant, having a purely equitable title, claims property in possession of a party defendant, having the legal title, and being rightfully in possession. In such case, of course, the defendant cannot turn around in same suit and claim similar relief as to other property in hands of complainant. In such case, the machinery of a receiver is used to take possession of property not previously in court.

The present case, as above shown, is quite different.

If a party in the position of a stakeholder of a horse, should file a bill of interpleader against two parties claiming it, would the court require a bill to be filed by defendant, upon which to found an order, if necessary, for the keep or sale of the horse, *pendente lite?*

The case, at last, is simply that complainant files a bill of interpleader, and, instead of paying the *money* into court, puts in his own promissory notes and check, not drawn against funds. Now, is it possible that a bill must be filed by the defendant, in order to convert these checks and notes into cash? I submit a bill is unnecessary.

*Mr. Vanatta,* contra.

THE CHANCELLOR.

The bill in this case was filed by the complainant for the settlement of the estate of his testator, and for directions as to the disposition of certain funds or securities in his hands, claimed to belong to the estate of Jemima Leddel, the widow of the testator, whose administrator was made a party.

This application is made by the defendants, Jonas Denton and Frances his wife, on behalf of Frances Denton, a daughter of the testator, and legatee under the will. It is for two objects: the removal of the executor, and the appointment of a receiver.

This court has no power to remove an executor; that power belongs exclusively to the Orphans Court, and perhaps, in some cases, to the Ordinary. When an executor is also trustee, and the matters in his charge as trustee can be separated from those confided to him as executor, this court may remove or supersede him as trustee; but in such case he will be left to execute and perform any duty devolving upon him as executor. In proper cases, this court will enjoin him from proceeding further in the execution of his duties as executor, and will appoint a receiver, and direct him to pay over the estate in his hands to the receiver, to be administered under the direction of the court. But in such case he is not removed or superseded as executor.

It is objected to the application for a receiver, which is made by one of the defendants by petition in this suit, that a receiver cannot be appointed, except by bill for that purpose, and can in no case be appointed on application of a defendant in a suit.

A receiver is generally appointed on bill filed for that purpose, and rarely before answer, except under provisions by particular statutes. There are a few exceptional cases where a receiver has been appointed upon petition; but these are in the cases of infants, whose position as wards of the court gives them the right to apply by petition, or in cases similarly situated.

But I find no case in which a receiver has been appointed, as against a complainant, upon the application of a defendant. The matter of practice and precedents was inquired into and settled by Lord Langdale, in *Robinson* v. *Hadley*, 11 *Beav.* 614. I find no precedent anywhere, to sustain such practice. The whole theory upon which relief is granted in equity, is against such practice. No positive relief is ever granted to a defendant, except on cross-bill; and no relief, except it be founded on allegations in the bill, or other pleadings in the cause.

Nor is this a case in which a receiver can be appointed and kept in office until a cross-bill is filed to sustain the appointment. The authority referred to was a case where a receiver had been regularly appointed, but was about to be discharged upon an arrangement with the complainant, and a discontinuance of his suit. In that case, the court postponed the discharge of the receiver until a cross-bill could be filed by one of the defendants, so that the property might until then be retained under the control of the court.

The motion must be denied.