LOUIS BAHLER, complainant-respondent,

*v.*

ROBERT TREAT BATHS, a corporation, defendant-appellant.

[Decided January 31st, 1927.]

1. The power of the court of chancery to order the sale of the property of an insolvent corporation free from encumbrances depends upon two prerequisites: (1) it must appear that the legality of the prior liens is brought in question; (2) the property must be of a character to materially deteriorate in value pending the litigation.

2. Where one of the encumbrances on such property is conceded to be legal in every respect, the consent of the holder thereof to such sale cannot operate to enlarge the jurisdiction conferred by the statute.

On appeal from a decree of the court of chancery.

*Mr. Frank E. Bradner,* for the appellant.

*Mr. Nathan H. Berger,* for the respondent.

525

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The present appeal brings up for review two decrees of the court of chancery entered in the above cause, the first of which adjudges the defendant corporation to be insolvent and appoints a receiver to take charge of and administer its assets and property, and the second of which directs the receiver to sell the lands and real estate, and also the personal property of the corporation, free and clear from all mortgages, liens and encumbrances against either the real or the personal property.

Our examination of the proofs sent up with the appeal satisfies us that the decree adjudging the corporation to be insolvent was entirely justified; and that, consequently, the appointment of a receiver cannot be successfully challenged.

We consider, however, that the decree which orders the sale of the corporation's property and assets, so far as it directs that the real estate be sold free and clear of all encumbrances, cannot be legally justified. As was pointed out by this court in *Randolph* v. *Larned, 27 N. J. Eq. 560,* the power of the court of chancery to order a sale of real estate clear of prior encumbrances depends upon the existence of two prerequisites specified in the statute (*Corporation act § 81; Comp. Stat. p. 1649*) : First, it must appear that the legality of the prior liens is brought in question, and, second, that the property is of a character materially to deteriorate in value pending the litigation. The real estate of the insolvent corporation in the present case is encumbered by two mortgages, the first of which in priority is held by the Franklin Savings Institution, and was given to secure the payment of $55,000. The second is held by a concern known as the Rolo Company, and was given to secure the payment of $62,500. That the first of these mortgages—namely, that held by the savings institution—is legal in every respect is conceded. The validity of the Rolo Company mortgage, however, is challenged. In this situation the mandate of the decree, so far as it directs that the property be sold free and clear of the savings in-

stitution's mortgage, is not permitted by the statute, and to that extent is without legal justification.

We have not overlooked the fact that this decree for sale was made with the consent of the savings institution; but that consent cannot operate to enlarge the jurisdiction conferred upon the court by the statute. The legislative purpose, as we conceive, is not only to protect encumbrancers, but also general creditors; and the sale of property free and clear of a first mortgage, the validity of which is not in any way disputed, would almost necessarily prevent such creditors from protecting their interests by becoming bidders at the sale, for it would require them to raise in cash the full value of the real estate to be sold, instead of permitting them to purchase the property subject to valid existing liens thereon.

For these reasons we conclude that the decree for sale should be modified so as to provide that the sale of this property shall be made subject to the lien of the Franklin Savings Institution's mortgage.

It will be so ordered.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 12.