The complainant is a very aged, feeble and infirm woman, who makes the unusual application that a receiver be appointed to take over and manage her own property. The bill sets forth that for some time past, and especially since a rather recent illness, her memory has been affected so as to make it difficult for her to recall events that have transpired even in the very recent past; that she has reason to believe that she has executed voluntary conveyances and assignments to the defendants of all her property, real and personal, without independent advice. It is not denied that this is so. The *Page 383 
defendants are residents of the State of Pennsylvania where some of the land conveyed is located, and jurisdiction of them was obtained by service while they were temporarily within this state.
Upon the return of the order to show cause, complainant's solicitor represented to the court that after this bill was filed and the order to show cause had been served, the defendants reinstated themselves in the good graces of the complainant, and that the latter had notified her solicitor that she no longer wished to be represented by him, and desired that the bill should be dismissed upon her motion and the consent of both the defendants. Upon presenting this aspect of the situation the solicitor prayed the judgment of the court as to his proper conduct in his delicate and embarassing position.
The defendants have filed a brief attacking the supporting affidavits of the bill, which are not drawn with the particularity that is ordinarily to be expected; but this is a most unusual case, and one that is absolutely novel so far as I have any knowledge. This complainant is not and does not pretend to be non compos mentis, and yet is laboring under a disability that renders it impossible for her to instruct her counsel as clients who are sui juris, and to meet whose cases rules of pleading and practice are formulated, ordinarily can and do. It is true that the affiant Kemper should have stated facts rather than the allegation "that he has knowledge that Frank N. Warker has been endeavoring to obtain possession of all of the property, both real and personal, which came to Josephine Warker." But even eliminating such portions of the affidavits other than the complainant's, there is sufficient shown to spell out a proper statement of the facts as they appear above. The complainant's physician says that since a stroke of apoplexy, prior to the stripping herself of all her property, her memory has been almost destroyed. His affidavit is attacked upon the ground that he has not been in constant attendance upon her, but I am completely at a loss to understand how that weakens his testimony in any appreciable degree.
It is elementary that when ordinary litigants all agree to a termination of a suit pending between or among them, and *Page 384 
the public interest is not affected, there is nothing for the court to do but permit them to withdraw and go about their respective affairs. But what is to be said where one of them is under a disability, not amounting to insanity or infancy, and yet sufficient to put him at such a distadvantage in dealing with his own affairs as to make him utterly incapable of protecting himself and his property against the inroads and ravages of the others? It seems to me that this rhetorical sentence almost answers itself. If the disability were complete, as in the case of one who was insane, it is almost banal to say that for the purposes of the suit through which the court of chancery has obtained jurisdiction, such a party becomes a ward of the court acting as the agency of the state in its capacity of parenspatriae. In the case entitled "In re Rhodes," 100 N.J. Eq. 370,
a somewhat similar problem was presented where a petitioner in a lunacy inquisition directed her counsel, after the proceeding had been instituted, to dismiss it. The chancellor held that it could not be done, partly for the reason that I have already indicated. It is true there was a distinction in that case because of the clear interest of the public in safeguarding its insane citizens and providing for the care of their property. However, to a less extent, it seems to me that the public is not without interest in instances such as is presented in the case at bar. The matter being dealt with is discussed, and the discussion sustains this decision, in 3 Pom. Eq. Jur. (4th ed.) §1314. The consent of the court will not be given to the dismissal of the bill, and the solicitor who filed it should continue to prosecute the suit.
The propriety of the appointment of a receiver is also attacked on behalf of the defendants. No one should have the slightest difficulty in coming to an agreement with the law they cite. It is, of course, elementary, as said in Leddel v. Starr, 19 N.J. Eq. 159,
that a receiver is rarely appointed before answer filed, and no answer has been filed in this case. But the opinion just cited goes on to say, "There are a few exceptional cases where a receiver has been appointed upon petition, but these are in the cases of infants, whose position as wards of court gives them the right to apply by petition, or in cases similarlysituated." (Italics mine.) It *Page 385 
seems to me that, in view of what has already been said, no further comment is necessary.
Of course, this cause cannot rest here. There is a justifiable issue between the complainant's representative on the one hand and the defendants on the other. Any one of a number of defenses may be pleaded, and, perhaps, proved. Subpoena should be taken out immediately, if that has not already been done, and the cause should be brought to final hearing. In the meantime, the receiver appointed on the filing of the bill will be continued until the determination of the cause, and the appointment of a permanent receiver, if one is appointed, will be considered at that time, when, perhaps, it may be considered advisable if the bill is retained to consider the substitution of some gentleman in whom the complainant had expressed, in writing, her unbounded confidence and trust before this litigation was commenced.