SAUL NEEDLE, complainant;  LILLIAN E. HOFMANN, appellant,

*v.*

PERFECTION CONSTRUCTION COMPANY, defendant;  ALBERT G. DERONDE, respondent.

[Argued October term, 1930.   Decided May 18th, 1931.]

*Mr. Jerome C. Eisenberg,* for the appellant.

*Mr. Benjamin Shanefield,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

On the petition of a creditor holding a judgment for $150, the court of chancery, on March 28th, 1930, appointed a custodial receiver for the Perfection Construction Company, a New Jersey corporation, and issued an order restraining the defendant, its officers and agents, from transacting any business of the corporation. On April 29th, 1930, the appellant, holding mortgages aggregating $8,000, then due and owing, presented her petition for leave to foreclose the mortgages and to join the receiver so appointed by the court as a party defendant. On June 3d, 1930, this petition was denied and on the same day, on the application of the receiver, an order was made directing that the premises covered by the mortgages be sold free and clear of liens.

From these orders Lillian E. Hofmann, holder of the mortgages specified, appeals. The corporation defendant does not appeal.

The order appointing a receiver is attacked on the ground that it was upon insufficient proofs and in violation of the rules of the court of chancery. Section 111 of the Chancery

act (*1 Cum. Supp. Comp. Stat. p. 269*) provides that "all persons aggrieved by any order or decree of the court of chancery may appeal from the same, or any part thereof, to the court of errors and appeals."

It is to be observed that the corporation defendant has not appealed and is not complaining of the order appointing a statutory receiver. Just how the appellant as mortgagee is aggrieved by that order has not been made to appear. The order appointing a receiver had the legal effect of transferring property of the corporation to the receiver and it is not apparent that any injury will result to her by this change of position and title.

As respects the denial of her application for leave to foreclose the mortgages and the making of the order to sell free and clear of liens, it is on the other hand quite apparent that she may be seriously aggrieved. A sale free of liens by the receiver would compel the mortgagee to make payment of the entire purchase price in order to protect her interest on a sale and, of course, to raise the funds necessary for this purpose. On the other hand, a sale under foreclosure of the mortgages would permit the mortgages to be used as a credit on the purchase price. This being true the appellant's standing as a party aggrieved cannot be in doubt.

Coming then to the validity and propriety of the denial of the appellant's petition for leave to foreclose and the order directing the sale of the premises by the receiver, we think the court below was in error in the making of both orders. One of the mortgages held by the appellant was a purchase-money mortgage made to the grantor of the Perfection Construction Company and assigned to her, and the mortgage of $5,500 represents moneys advanced by her for construction of the building on the premises.

Section 81 of the Corporation act (*Comp. Stat. p. 1649*) provides that—

"Where property of an insolvent corporation is at the time of the appointment of a receiver encumbered with mortgages or other liens, the legality of which is brought in question, and the property is of a character materially to deteriorate in value pending the litigation,

the court of chancery may order the receiver to sell the same, clear of encumbrances, at public or private sale, for the best price that can be obtained, and pay the moneys into the court, there to remain subject to the same liens and equities of all parties in interest as was the property before sale to be disposed of as the court shall direct."

Under this statute before the power of sale can be exercised it must appear (1) that the legality of the liens is brought in question, and (2) that the property must be of a character to materially deteriorate in value pending the litigation. *Bahler* v. *Robert Treat Baths, 100 N. J. Eq. 525.* In the present case the petition to sell falls short of the requirements of the statute in either respect. While the petitioner in the application for the order to sell sets forth that he is informed and believes that the construction work on the building being erected on the land was commenced before the recording of the mortgages and that certain mechanics' liens existed against the premises, there is nothing in this to suggest that the mortgages are for this reason in anywise invalidated. Nor is there any allegation that the property is of a character materially to deteriorate in value pending the litigation. The petition, it is true, avers that the property is likely to depreciate in value but this is far from averring that such depreciation is due to a deterioration. Our conclusion therefore is that the order to sell by the receiver was erroneous and must be set aside.

The order denying the right of the appellant to foreclose the mortgages and make the receiver a party was equally erroneous. By virtue of these encumbrances she has the first claim upon the property, and, the mortgages being in default, she has the right to have the mortgagor's equity of redemption foreclosed and the property utilized in liquidation of the debt. *Massey* v. *Camden and Trenton Railway Co., 75 N. J. Eq. 1; Schuster* v. *Ventnor Gardens, Inc., 102 N. J. Eq. 357.*

The order of sale is reversed and the record is remitted with direction to the court of chancery to grant the petition of the appellant to foreclose the mortgages held by her and to make the receiver a party to the suit.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   13.