THE TWENTY NASSAU STREET HOLDING COMPANY,
complainant,

*v.*

TWENTY NASSAU STREET, INCORPORATED, a corporation of
New Jersey, defendant.

COMMMONWEALTH BOND CORPORATION, as committee, &c.,
appellant,

*v.*

W. MEREDITH DICKINSON, receiver of Twenty Nassau Street,
Incorporated; ARCHIBALD A. GULICK, DEAN MATHEY
and W. BARTON BALDWIN, as committee, &c., respond-
ents.

[Argued October 28th, 1932. Decided January 23d, 1933.]

214

*Mr. Charles E. Scribner* and *Mr. Clifford I. Voorhees,* for the appellants.

*Mr. H. Collin Minton, Jr.,* for the respondents.

Per Curiam.

The order under review will be affirmed, for the reasons stated in the conclusions filed by Vice-Chancellor Buchanan on April 5th, 1932.

The order is attacked on two main grounds. The first is that it does not appear that the legality of the prior trust mortgage is brought in question. The conclusions of the learned vice-chancellor sufficiently show the contrary; and if we had any doubt on this score, the lengthy and somewhat labored argument in the appellants' brief, directed to showing that there can be no question about the status of that mortgage, would be sufficient to satisfy us that there is serious question about it.

The second principal argument is that there is nothing to show the property is of a character materially to deteriorate pending the litigation. If leaky roofs and ceilings due to improper construction both in material and design, forming puddles in time of rain and dripping into the interior, and leaky walls letting moisture through to the inside of the building, requiring to rectify the conditions an expenditure of some thousands of dollars, do not show that "the property is of a character materially to deteriorate in value pending the litigation," we have difficulty in seeing that the statute is of any practical use.

The third point made is in two parts.

(a) That the receiver has no substantial interest in the premises.

One answer is that he is backed by about forty per cent. of the first mortgage bondholders.

(b) That the sale would prejudice the first mortgage bondholders.

The court below seems to have taken rather special care to permit them to foreclose the first mortgage as against the receiver and other parties, and to use their bonds in bidding at a sale. Their application for a receiver in foreclosure was premature, as no foreclosure had been begun and, so far as we are aware, has not yet been begun.

We find no merit in the appeal, and the order under review is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.