Expediency suggests a simultaneous consideration of these two applications.
The dissolution of the defendant corporation, Shannon Lodge Sanitorium, by reason of its insolvency has been adjudged and a receiver has been appointed by this court to liquidate and distribute its assets. The company is the owner of a tract of land embracing approximately twenty-five acres at or near Bernardsville in Somerset County, upon which several buildings are situate. This estate has been previously patronized as a retreat for convalescents. The property is encumbered by the liens of two mortgages, the first of which secures the sum of $8,000 with arrearages of interest, the second recites a subsisting obligation of $13,000 upon which, it is said, interest has also accumulated.
A few days before the filing of the bill in this cause, the holder of the second mortgage, Edward A. Pizzi, instituted in this court proceedings to foreclose that mortgage lien. The progress of the foreclosure was interrupted by the decree entered herein containing restraint of the conventional character against creditors of the defendant company. This mortgagee now seeks permission to make the receiver a party to the foreclosure suit and asks exemption from the decree enjoining him from the prosecution of the suit.
The receiver, apprehending that there is justifiable cause to challenge the legality of the second mortgage, requests an order authorizing him to promptly sell the real estate (and the personal property) free and clear of the lien of the second mortgage.
The power of this court to direct its receiver to dispose of the property of an insolvent corporation in his custody and possession, by a sale free of the existing encumbrances, has *Page 593 
uniformly been exercised pursuant to the terms and provisions of a pertinent statute, P.L. 1866 p. 296, to R.S. 14:14-20. It was once thought that such an order was not within the power of the court in the absence of a statute. Potts v. New JerseyArms and Ordnance Co., 17 N.J. Eq. 395, and Id. (Court ofErrors and Appeals) 516. Cf. Kelly v. Neshanic Mining Co.,7 N.J. Eq. 579. See, also, Bahler v. Robert Treat Baths,100 N.J. Eq. 525 (at p. 527); 135 Atl. Rep. 814. In J.W.Pierson Co. v. West Orange-Verona Building Co., 112 N.J. Eq. 426; 164 Atl. Rep. 567, Vice-Chancellor Backes remarked: "The power of sale of property in custodia legis free and clear of liens, justifiable in the suit in which it was taken, is inherent in the court. Section 81 (Corporation Act) applies to liens, the legality of which may be elsewhere litigated." In Sullivan v.James Leo Co., 124 N.J. Eq. 317, 326; 1 Atl. Rep. 2d 400, Mr. Justice Perskie, speaking for the Court of Errors and Appeals, stated: "This power is also regarded and treated as being inherent in the Court of Chancery where it has been and is now often exercised. * * * But the exercise of this inherent and statutory power must be justifiable, in equity and good conscience, by the facts and circumstances of the particular case."
The present statutory authority is found in R.S. 14:14-20, which ordains:
"Where property of an insolvent corporation is at the time of the appointment of a receiver encumbered with mortgages or any other lien, the legality of which is questioned, and the property is of a character materially to deteriorate in value pending the litigation, the court of chancery may order the receiver to sell the same, clear of encumbrances, at public or private sale, for the best price that can be obtained, and pay the money into court, there to remain subject to the same liens and equities of all parties in interest as was the property before the sale, to be disposed of as the court shall direct."
The manifest intent and object of the legislature was to prevent the mischief arising from the depreciation in value of property of a nature destined materially to deteriorate during the period of a litigation likely to be protracted. Middleton
v. New Jersey West Line Railroad Co., 26 N.J. *Page 594 Eq. 269; reversed, sub nom. Randolph v. Larned, 27 N.J. Eq. 557.
The exercise of the statutory power is dependent upon the existence of two factual prerequisites. The legality of the prior liens must be reasonably in controversy and the property must be of a character materially to deteriorate in value pending the litigation. Randolph v. Larned, supra; Emmons v. Davis Dowd Pottery Co., 16 Atl. Rep. 158; Reilly v. Penn Cordage Co.,58 N.J. Eq. 459; 44 Atl. Rep. 161; Bahler v. Robert TreatBaths, supra; Passaic Plumbing Supply Co. v. Eastside HoldingCorp., 105 N.J. Eq. 485; 148 Atl. Rep. 637; affirmed without opinion, 106 N.J. Eq. 278; 150 Atl. Rep. 920; Needle v.Perfection Construction Co., 108 N.J. Eq. 312;154 Atl. Rep. 878; Twenty Nassau Street Holding Co. v. Twenty Nassau Street,Inc., 112 N.J. Eq. 213; 163 Atl. Rep. 889.
Surveying the facts revealed by the relevant proof, it is evident that the validity of the first mortgage upon which there is now due for principal and interest the sum of $8,600 is not assailed by the receiver. Its legality is indubitable. Counsel for this mortgagee has not consented to a sale of the property free of the lien of the mortgage. It has been held that such consent, if given, does not operate to enlarge the jurisdiction conferred upon the court by the statute. Bahler v. RobertTreat Baths, supra. An application for leave to foreclose this primary encumbrance is in contemplation. The receiver therefore requests authority to sell subject to the lien of the first mortgage and free of the lien of the second mortgage. Vide,Passaic Plumbing Supply Co. v. Eastside Holding Corporation,supra; Cf. Bahler v. Robert Treat Baths, supra (at p. 527).
Mr. Pizzi is not the beneficial owner of the second mortgage. The transactions and surrounding circumstances in which this mortgage was executed and delivered might be deemed to justify the receiver in contesting the validity and extent of the alleged lien. The remedy afforded by the statute is not confined to mischief arising from litigation of any particular character but comprehends all litigation respecting the validity, extent or priority of the liens and the *Page 595 
equities involved. Randolph v. Larned, supra. It must be acknowledged that disasters may result from extended litigation concerning the amount due on a lien or its order of priority precisely similar to those occasioned by a lengthy controversy in which the legal existence of the lien itself is disputed.Emmons v. Davis Dowd Pottery Co., supra. The probable duration of the litigation is a significant factor, because it is in view of it that the court must determine whether the property is of a character materially to deteriorate by reason of the anticipated delay.
The validity of this second mortgage can be determined as expeditiously in the foreclosure suit, already pending, as in any other proceeding. The real estate is not property which in its existing condition will materially depreciate in value from deterioration during the litigation. Needle v. PerfectionConstruction Co., supra; Cf. Passaic Plumbing Supply Co. v.Eastside Holding Corp., supra, where the construction of the building was unfinished. Here, the property is under the supervision of a caretaker who, in return for his occupancy of one of the cottages, discharges his duties without additional compensation.
Further considerations do not contribute favorably to the granting of the receiver's request. The property is subject to the lien of unpaid real estate taxes in the amount of $2,200. The mortgage debts, as now claimed, with interest, aggregate $22,100. Although the receiver has an appraisal of the property at $40,849.20, the highest offer the local real estate agents have been able to negotiate for it, is $25,000. If there is little or no equity of redemption in the property above the tax and mortgage liens, then assuredly the risk of deterioration of the property pending the litigation should (and would) be assumed by the encumbrancers. The receiver now has less than $100 in cash, and some method of financing the cost of adequately advertising a property of this description for sale would be imperative. Moreover, the president of the defendant deposes that Shannon Lodge Sanitorium, the owner of the real and personal property, is merely a holding company and has no general creditors. His assertion that the business was conducted by a lessee company entitled *Page 596 
Shannon Lodge, Inc., is controverted by some divergency of opinion.
In Reilly v. Penn Cordage Co., supra, Vice-Chancellor Grey stated: "The legislature did not intend that this statute should be used as an excuse to deprive preceding encumbrancers of their right (subject to such order of this court as might preserve the property taken into its custody) to use by foreclosure or other proceedings the remedies which secured them by their contracts the power to take the initiative steps, and to control the time, place and circumstances when, where and under which the property mortgaged should be disposed of. This privilege, in many cases, may have had a great influence in inducing the making of the contract, and may have added largely to the value of the mortgage security as an investment. It is only when the two jurisdictional facts of disputed prior encumbrances, and probability of deterioration in value of the property, both exist, that this court is justified in depriving the holder of the prior encumbrance of his right to enforce at his option, the remedy secured him by his contract."
In Needle v. Perfection Construction Co., supra, Mr. Justice Lloyd, in expressing the opinion of the Court of Errors and Appeals, recognized the interests of the mortgagee: "A sale free of liens by the receiver would compel the mortgagee to make payment of the entire purchase price in order to protect her interest on a sale and, of course, to raise the funds necessary for this purpose. On the other hand, a sale under foreclosure of the mortgages would permit the mortgages to be used as a credit on the purchase price."
Scrutinizing the existing proof in its various phases, it seems equitable to accord to the second mortgagee permission to make the receiver a party to the pending foreclosure suit and to indulge a diligent prosecution of the foreclosure proceedings, provided this mortgagee will not interrupt the existing right of the receiver to negotiate a proposal for the purchase of the property. The present application of the receiver is denied, without prejudice to a motion to stay execution on the final decree in foreclosure if the eventualities warrant.
 Such an order will be advised. *Page 597