LAND TITLE AND TRUST COMPANY, &c.,

*v.*

NORMAN KELLOGG, &c.

[Submitted October 17th, 1907. Decided October 18th, 1907.]

1. Where, pending foreclosure, a receiver was appointed, after due notice to the mortgagor, on application by the receiver for an order directing the distribution of the rents collected by him, the evidence to determine the validity of the appointment will not be reviewed.

2. A first mortgagee has the right to the appointment of a receiver, pending foreclosure, to collect the rents and profits of the premises for his benefit, where his security is uncertain, and the mortgagor cannot be made to respond to any deficiency which·may arise at the foreclosure sale, whether the inadequacy of the security has been caused by the wrongful act of the mortgagor or not.

3. Where a mortgage exempts the mortgagor from personal liability, the question of his solvency is not involved on an application by the mortgagee for the appointment of a receiver pending foreclosure.

4. A first mortgagee in a mortgage which, after describing the premises, provides "together with all * * * the buildings * * * rents, issues and profits," and which exempts the mortgagor from personal liability, and restricts the recovery of the debt to the premises described, is entitled, in case of deficiency on foreclosure sale, to the rents collected by the receiver appointed pending foreclosure; the right of a mortgagee to sequester the rents through a receiver emanating from the inadequacy of the security and from the inequity of permitting the mortgagor to receive the rents.

On application of receiver, appointed pending foreclosure, for an order distributing funds.

Pending the foreclosure of a mortgage held by complainant against defendant a receiver was appointed by this court to collect the rents and profits of the mortgaged premises. The receiver now applies for an order directing the distribution of the rents collected by him.

The mortgage foreclosed was a first mortgage and was the only lien against the mortgaged premises. It contained the usual clause, after the description of the mortgaged premises:

"Together with all and singular the buildings, improvements, woods, ways, rights, liberties, privileges, hereditaments and appurtenances whatsoever to the same belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof."

It also contained a clause restricting the recovery of the principal and interest of the mortgage to the lands and premises described and exempting the mortgagor from personal liability. The amount of the decree was something over $400,000, and at the sale the property was purchased by complainant for $125,000.

The claim is now made, upon the part of mortgagor, that the rents collected by the receiver cannot be properly applied to the payment of the mortgage debt.

*Messrs. Thompson & Cole,* for the complainant.

*Mr. Ulysses G. Styron,* for the defendant Kellogg.

*Mr. William M. Clevenger,* receiver, *pro se.*

LEAMING, V. C.

The validity of the order appointing the receiver is now questioned by defendant on the ground that such appointment can only be justified where it is shown that the mortgage security has become uncertain or precarious because of something done or omitted to be done by the mortgagor of a nature to cause a diminished value of the mortgaged premises. The receiver was appointed after due notice to defendant and the evidence then before the court will not be now reviewed; but as the power of appointment is questioned an examination of the cases supporting its exercise may be of interest.

The early practice of this court appears to have been to refuse the appointment of a receiver at the instance of a first mortgagee unless some special grounds for the appointment appeared other than inadequacy in value of the mortgaged premises coupled with the insolvency of the mortgagor. *Cortleyou.* v. *Hathaway,* 11 *N. J. Eq.* (*3 Stock.*) *39; Best* v. *Schermier, 6 N. J. Eq.* (*2 Halst.*) *154; Frisbie* v. *Bateman, 24 N. J. Eq.* (*9 C. E. Gr.*) *28.*

I am satisfied, however, that a consistent application of equitable principles should extend to a first mortgagee the right to the appointment of a receiver to collect the rents and profits of the mortgaged premises for his benefit in all cases where it appears that his security is uncertain or precarious and that the mortgagor cannot be made to respond to any deficiency which may arise at the foreclosure sale. This view is, I think, fully supported by the more modern practice in this state. *Mahon* v. *Crothers, 28 N. J. Eq. (1 Stew.) 567; Leeds* v. *Gifford, 41 N. J. Eq. (14 Stew.) 464; New Jersey Title Guarantee and Trust Co.* v. *Cone, 64 N. J. Eq. (19 Dick.) 45;* see, also, *Warwick* v. *Hammell, 32 N. J. Eq. (5 Stew.) 427; Conover* v. *Grover, 31 N. J. Eq. (4 Stew.) 539; Brasted* v. *Sutton, 30 N. J. Eq. (3 Stew.) 462.* Under the modern conception of mortgages and the practicable means for their enforcement no reason can exist for the application of a different rule between mortgagor and his first mortgagee and a mortgagor and his subsequent mortgagee. As it is the inadequacy of the security and legal remedy which affords the equitable ground of relief, it is also necessarily immaterial whether such inadequacy has been caused by wrongful acts of the mortgagor. In the present case, the fact that the property sold for less than one-third of the amount of the mortgage debt appears to sufficiently vindicate the action of the court in making the appointment. As there was no personal liability of the mortgagor the question of his solvency was not involved.

It is further claimed that by reason of the restrictive stipulation contained in the mortgage the debt was extinguished by the sale and that it is now too late to appropriate the rents to the mortgage debt. I am unable to accept this view. The right of a mortgagee to sequester the rents of the mortgaged property through the medium of a receiver emanates primarily from the inadequacy of the security. It is a privilege extended to the mortgagee by reason of the inequity of permitting the mortgagor to receive the rents accruing during the pendency of the foreclosure proceedings. *Mahon* v. *Crothers, supra.* The want of personal liability of the mortgagor for the payment of the mortgage debt contributes to the necessity for equitable relief. The

rents are collected by the receiver for the use of the mortgagee and can only be applied to his use in case the mortgaged premises fail to realize the amount of the mortgage debt. The right to thus collect the rents necessarily includes the right of their application in case of deficiency. See, also, *2 Jones Mort.* § *1536.*

I will advise an order directing the receiver to pay the complainant the rents collected by him.