NEW JERSEY NATIONAL BANK AND TRUST COMPANY, and another, as trustee, &c., complainants.

*v.*

GUST N. MORRIS et al., defendants.

[Decided March 12th, 1931.]

*Mr. Jerome C. Eisenberg,* for the complainants.

*Mr. Joseph M. Alsofrom,* for the defendants.

BIGELOW, V. C.

This is a foreclosure suit. The complainants move for the appointment of a receiver to collect rents *pendente lite*. They do not allege that their security is inadequate or that their obligor is insolvent, but they rely exclusively upon a

clause in the mortgage whereby the rents and profits of the mortgaged premises were assigned to the mortgagee in the event of default in the performance of any of the covenants contained in the bond. There has been default in the performance of some of the covenants and by reason thereof complainants claim that the assignment has become absolute. The complainants are entitled to the rents which have fallen due since the default. *Paramount Building and Loan Assn.* v. *Sacks, 107 N. J. Eq. 328.* If the mortgagor has collected or shall collect the rents, he will be accountable for them to complainants. *Stanton* v. *Metropolitan Lumber Co., 107 N. J. Eq. 345.* The complainants have the further remedy of suit against the tenant for the rents. *Ryerson* v. *Quackenbush, 26 N. J. Law 236, 251; Woolsey* v. *Abbett, 65 N. J. Law 253; Arcade, &c., Corp.* v. *Hildinger, 6 N. J. Mis. R. 1055; 144 Atl. Rep. 25; Stanton* v. *Metropolitan Lumber Co., supra.* Even if the mortgage did not contain an assignment of the rents, the complainants would have an action of ejectment. They are not satisfied, however, with any of these remedies but ask the extraordinary remedy of a receivership. "The appointment of a receiver, it is true, is a more expeditious remedy; but it is a remedy which at times may operate as a great hardship. It is attended with expense and in the case of mortgages should be exercised with great caution." *Cortelyeu* v. *Hathaway, 11 N. J. Eq. 39.*

The insertion in a mortgage of an assignment of rents does not make inapplicable the principles which usually guide the court upon an application for a rent receiver in a foreclosure suit. The receiver is not appointed as of course, but only when it appears that the appointment is reasonably necessary for the protection of the mortgagee. This situation is commonly shown by evidence that the security is uncertain or precarious and that the mortgagor cannot be made to respond to any deficiency which may arise at the foreclosure sale. *Land Title and Trust Co.* v. *Kellogg, 73 N. J. Eq. 524.*

The complainants do not show that the appointment of a receiver is necessary to protect them against loss which otherwise they probably would sustain. Therefore, the motion is denied.