Complainant holds six mortgages for $9,000 each, dated October 10th, 1928, payable in three years. The mortgages contain the usual clause that if taxes or other municipal liens fall into arrears for a specified period, the principal sum shall become due at the option of the mortgagee. This contingency has happened and the mortgagee has elected to call the mortgages. The mortgagor, the defendant Nabo Construction Corporation, about a week before the bill was filed, *Page 450 
conveyed the premises described in four of the mortgages to the defendant Mrs. Wanda Walters, in consideration of an antecedent debt. She has made affidavit in defense of the present motion that the day before she took title, the complainant called upon her and urged her to take over the property and told her that if she should do so and should pay the taxes and assessments by October, he would extend the mortgages for three years; that in reliance thereon, she took title. Complainant, in his reply affidavit, denies this agreement. Whether such an agreement was actually made and whether it constitutes a good defense to the foreclosure of the mortgages on Mrs. Walter's property, need not now be fully considered. The defense is not so clear that it should move the court to refuse the appointment of a receiver if the circumstances are such that otherwise one would be installed. A receiver would conserve the property and the rents for the benefit of all parties, so that defendant, if she prevail on final hearing, will not be injured by his appointment.
Complainant relies first upon a covenant which appears in each mortgage, whereby the mortgagor agreed that upon default and proceedings commenced for the foreclosure of the mortgage, the mortgagee should be at liberty "to apply for the appointment of a receiver of the rents and profits of the said premises and be entitled to the appointment of such receiver as a matter of right as security for the amounts due the mortgagee, without consideration of the value of the mortgaged premises or solvency of any person or persons liable for the payment of such amounts." This covenant is not binding on the court and does not entitle the mortgagee to the appointment of a receiver as a matter of right and without regard to the other circumstances of the case. Receiverships, like injunctions and specific performance, are the tools whereby chancery exercises its peculiar jurisdiction and are used only when the facts warrant their employment, according to the established practice of the court. The consent of parties, especially when given several years in advance, cannot operate to move the court to exercise such powers contrary *Page 451 
to settled practice. Bagley v. Illinois Trust and SavingsBank, 199 Ill. 76; 64 N.E. Rep. 1085; Aetna Life Insurance Co.
v. Broecker, 166 Ind. 576; 77 N.E. Rep. 1092. On the other hand, the covenant above quoted, though not conclusive, is entitled to weight in determining whether a receiver should be appointed. Receivers are named for the protection of the mortgagee when his security is precarious or uncertain. On the present application, the evidence is so conflicting that the amount which the property will bring at forced sale is problematical. In such case, the stipulation by the mortgagor that the mortgagee would be entitled to a receiver as a matter of right, should influence the court to solve the question in favor of the mortgagee. So I will advise an order for the appointment of a receiver.