Fidelity Union Trust Company, as trustee, et al., complainants-appellees,

*v.*

Jacob Pasternack et al., defendants-appellants.

[Argued October 29th, 1937. Decided January 26th, 1938.]

*Messrs. Hood, Lafferty & Campbell (Mr. Harry Schaffer),* for the complainants-appellees.

*Mr. Aaron Marder,* for the defendants-appellants.

The opinion of the court was delivered by

WOLFSKEIL, J.

Defendants appeal from an order of confirmation of a foreclosure sale and from an order appointing a receiver for the rents of the mortgaged premises.

Complainants filed a bill to foreclose a mortgage in the sum of $125,000. The final decree was for $134,261, together with interest and costs. The property was sold at public vendue by a special master and bought in by the complainants for $125,000, subject to taxes of $11,540. Defendants objected to confirmation of the sale alleging that the single bid by the complainants was grossly inadequate and that they were entitled to a credit equal to the fair value of the mortgaged property. In order to obtain such credit there must be a showing that the sale was at an unconscionable figure, at a nominal bid, during an emergency which rendered it impossible for the mortgagee to protect himself. *Federal Title and Mortgage Guaranty Co.* v. *Lowenstein* (*Court of Chancery*), *113 N. J. Eq. 200,* as explained and set forth in *Young* v. *Weber, 117 N. J. Eq. 242.* See, also, *National Mortgage Corp.* v. *Deering, 121 N. J. Eq. 274; Lurie* v. *J. J. Hockenjos Co., 115 N. J. Eq. 304; Harvester Building and Loan Association* v. *Kaufherr, 122 N. J. Eq. 373.*

The matter was heard on the petition and affidavits on behalf of the defendants and counter-affidavits for the complainants. Upon a review of the proofs it is apparent that the vice-chancellor might very well have found that the total value of the land and improvements was approximately the amount of the decree, that no emergency existed and that complainants' bid was not unconscionable or unreasonably low. Appellants assert that there should have been a reference to a master to ascertain the value of the property, but under the adjudicated cases the vice-chancellor had the right to determine the matter himself and therefore the confirmation of the sale was undeniably correct.

Appellants also object to the order appointing a receiver for rents. Passing over the dispute as to the soundness of *New Jersey National Bank and Trust Co.* v. *Morris, 9 N. J. Mis. R. 444; 155 Atl. Rep. 782,* and *Tucker* v. *Nabo Construction Co., 108 N. J. Eq. 449,* holding that an assignment of rents, in a mortgage, does not of itself justify the appointment of a receiver on foreclosure, nonetheless such an appointment is in a large sense discretionary and should be exer-

184

cised when it appears necessary for the protection of the mortgagee. In the instant case the mortgage contained an express provision for the assignment of rents and consent to the appointment of a receiver upon default; taxes for three years amounting to over $10,000 were unpaid, with the danger that the mortgage security might be impaired by a tax sale, which actually happened; there was a failure to insure the mortgaged premises against loss or damage by fire, and a default in interest of over one year. Under these circumstances the appointment of the receiver was clearly not an abuse of discretion. Moreover, the appeal from the order, which was interlocutory, was not taken within time. See court of errors and appeals rule 27.

The orders appealed from are affirmed.

*For affirmance*—PARKER, LLOYD, CASE, BODINE, DONGES, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 9.

*For reversal*—HEHER, J. 1.