[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR RECEIVER (NO. 135)
Plaintiff is the holder of the first mortgage on premises known as "One Main Place" located at 750 Main Street in Stamford, Connecticut.
Defendant has been in default on the mortgage on since January 1, 1988. Plaintiff instituted foreclosure proceedings in May of 1988 and thereafter moved for appointment of a receiver of rents and profits.
The motion recites that the subject building contains over 100,000 square feet of commercial space and is managed by C.J. Hooker International Connecticut ("Hooker"). The motion alleges that Hooker, on instructions of the defendant, has refused to provide plaintiff with needed information to complete its appraisal of the building. Plaintiff also claimed that the building had only five tenants and that only 33 per cent of the space has been leased. Plaintiff now asks that Hooker be appointed receiver of rents to remedy this situation.
Plaintiff claims that it is entitled to a receiver on CT Page 1399 one or more of the following grounds:
1. as a matter of right under the provisions of the mortgage deed;
2. as a matter of waiver by the defendant of any right to contest any such appointment; or,
3. as a matter of equity under all the circumstances.
None of these claims is persuasive for the reasons hereinafter discussed.
I. APPOINTMENT AS OF RIGHT
Plaintiff argues that paragraph four of the mortgage deed gives it the right to have a receiver appointed. That clause states:
 The mortgagee in any action to foreclose this mortgage shall be entitled [without notice, without regard to the adequacy of any security for the debt and without regard to the solvency of any person, firm or corporation liable for the payments thereof] to the appointment of a receiver of the rents old profits of said premises.
Plaintiff relies heavily on United States v. Mountain Village Co., 424 F. Sup. 822 (1976) for the proposition that a mortgage clause such as this is enforceable as of right. The defendant in the Mountain Village case had obtained a federally insured mortgage pursuant to a federal low and moderate income housing program. In upholding the enforceability of the rent receiver clause of the mortgage, the court agreed with the Ninth Circuit that:
 . . . good reasons appear for holding that Federal policy requires affording every reasonable protection to the security of federal investment.
View Crest Garden Apartments, Inc. v. United States, 281 F.2d 844,848 (9th Cir.) (1960).
There is no evidence that the federal government insured this mortgage or made any investment in this project. The reasoning of Mountain Village favoring the protection of public funds does not apply to this private transaction. Any risk to the public treasury results from the insolvency of CT Page 1400 plaintiff's predecessor bank and not from this particular loan.
Generally, mortgage provisions stipulating to the appointment of a receiver are considered violative of the public policy making a mortgage merely a lien. 59 C.J.S. Mortgages, S. 663, p. 1186 citing Equitable Life Assur. Soc. of U.S. v. Ellis,65 S.W.2d 250, 255, 16 Tenn. App. 551.
Although Connecticut is a "title theory" state with respect to mortgages, the same policy result is dictated by principles of equity and statutory law.
Barclay's Bank of New York v. Ixler, 20 C.A. 163, 166 (1989) states:
 In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. [Citations omitted.]
The appointment of receivers is governed by Connecticut General Statutes 52-504:
 When any action is brought to or pending in the superior court in which an application is made for the appointment of a receiver, any judge of the superior court, when such court is not in session, may make such order in the action as the exigencies of the case may require, and may, from time to time, review and modify any such order. [Emphasis supplied.]
Under Barclay and the statute, equitable considerations and the exigencies of the case must be addressed by the court. That an action to cut off (foreclose) equitable title invokes the equitable jurisdiction of the court is so well settled that no citation of authority is needed. The mortgage provision is one of the factors the court should consider but is it not necessarily controlling. Tucker v. Nabo Const. Corporation,155 A. 460, 108 N.J. Eq. 449 (1931). Case law and the statute militate against appointment as a matter of right.
II. WAIVER
Plaintiff claims that defendant and plaintiff's predecessor bank entered into an arms length commercial transaction with each having approximately equal bargaining power and competent counsel. The receiver clause was made a part of the mortgage deed as a result of fair bargaining, CT Page 1401 therefore, defendant validly waived its right to contest the appointment of a receiver.
Plaintiff cites Mountain Village, supra, in support of this claim as well as Garden Homes v. United States, 200 F.2d 299
(First Cir., 1952 — New Hampshire).
These cases do not stand for the proposition that a receiver clause waives the right to contest the propriety of an appointment. In Garden Homes, supra, the mortgagor conceded that the mortgage provisions allowed the appointment of a receiver without notice to the mortgagor so no question of waiver [of notice] was litigated. The mortgagor did challenge the appointment and ultimately succeeded on a motion to vacate the order.
Mountain Village, supra, addressed only the issue of waiver of notice of the appointment of a receiver pursuant to a mortgage provision. A receiver was appointed ex parte, and the defendant claimed that such ex parte appointment was a violation of 65(a)(1) of the Federal Rules of Civil Procedure and of his constitutional right to due process. The case did not involve any waiver of the right to contest the appointment as that was exactly what the defendant did by way of the motion to vacate that order. Although defendant did not prevail, it was fully heard on the merits of the issue.
Paragraph four of the mortgage in the instant case purports to give plaintiff the right to have a receiver appointed without notice to defendant, without regard to the adequacy of any security for the debt, and without regard to the solvency of the debtor.[1] Plaintiff's argument that this is, in effect, a waiver of the right to contest the application for a receiver is not supported by the cases on which it rules.
Equitable considerations and exigencies must be addressed by the court as discussed above. A waiver of the right to be heard cannot be inferred from the language of paragraph four. Even if the language effectively waived the right to contest the adequacy of the security, that adequacy is not the only (or most important) issue that must be considered as will be discussed below.
III EQUITABLE CONSIDERATIONS
Evidence was presented to the court on the question of whether plaintiff, as a matter of equity, is entitled to the appointment of a receiver.
Regardless of a receivership clause, courts may refuse CT Page 1402 to appoint a receiver on equitable grounds when no reasonable ground for appointment is shown. W.I.M. Corporation v. Cioulo,214 N.Y.S. 718, 216 App.Div. 46. The purpose of a receivership is to prevent injury to the property and to preserve it pending judgment. 65 Am.Jur.2d, Receivers, S. 3, p. 861.
Hartford Federal Savings Loan Assn. v. Tucker,196 Conn. 172, 175 (1985) has particularly instructive language:
 An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties. Beach v. Isaacs, 105 Conn. 169, 176, 134 A. 787 (1926). The object of appointing receivers is to secure the property in dispute from waste or loss. 2 Swift, Digest, p. 159. It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief. . . . The assets to which [the plaintiff] would naturally look for payment may be wanted or lost during protracted litigation. [Emphasis supplied.]
There was no evidence that any waste was being committed and any "loss" was due to general market conditions as opposed to losses which are preventable by proper management. Indeed, plaintiff is satisfied with the present management (Hooker) as evidenced by its request that Hooker be appointed the receiver.
Expert appraisal testimony established that market value for this type of building is primarily a function of occupancy rates, anticipated occupancy rates and square foot rental rates. Unfortunate market conditions have led to this state of affairs where plaintiff is owed over Sixteen Million Dollars on property valued at Twelve Million Dollars. It is true that the security is inadequate, however, that inadequacy is not the result of waste or mismanagement. The risk of a sluggish market, inherent in any commercial construction project, has materialized to the detriment of all the parties.
Leasing up the space seems to be the key to making the project work. There is no evidence that a receiver of rents will aid in this process. Indeed, there was credible evidence that Hooker, as receiver, might well be less effective in leasing space because of the additional pall a receivership would place over the building. CT Page 1403
For all these reasons, the motion to appoint a receiver is denied.
E. EUGENE SPEAR, JUDGE.