256 N.J. Super. 328 (1992)
606 A.2d 1150
THE LIFE INSURANCE COMPANY OF VIRGINIA, A VIRGINIA CORPORATION, PLAINTIFF,
v.
HOCROFT ASSOCIATES, A NEW JERSEY PARTNERSHIP A/K/A HOCROFT ASSOCIATES, A NEW JERSEY GENERAL PARTNERSHIP, DEFENDANT.
Superior Court of New Jersey, Chancery Division Somerset County.
Decided February 28, 1992.
*329 Walter J. Fleischer, Jr., for plaintiff The Life Insurance Company of Virginia, (Shanley and Fisher, attorneys; Nancy A. Washington, on the brief).
Leonard T. Nuara, for defendant Hocroft (Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, attorneys).
*330 ARNOLD, P.J.Cv.
The plaintiff, Life Insurance Company of Virginia (LICOVA), sought the appointment of a rent receiver for an office building on which it holds a mortgage as security for a note which is now in default. The mortgagor, Hocroft Associates (Hocroft), opposed the application and argued that, despite an agreement between the parties providing for the appointment of a receiver in the event of default, the appointment of a rent receiver is an extraordinary remedy to be employed only where the interests of the mortgagee are in jeopardy. They argued that LICOVA failed to show that such jeopardy exists. This court agreed with Hocroft that under existing authority a contractual provision providing for the appointment of a receiver does not of itself require the appointment of a receiver. However, that authority has not been reexamined in almost 30 years and this court found, upon reexamination, that the authority's underlying reasoning was not applicable to the facts and circumstances of this case. Accordingly, plaintiff's application for the appointment of a rent receiver was granted. This opinion is intended to supplement this court's earlier oral opinion. See R. 2:5-6(c).
The material facts are as follows. Hocroft, a partnership, is the owner of an office building and surrounding property in Bridgewater Township, New Jersey. In 1988 Hocroft borrowed $2,325,000 from LICOVA which was secured by a note and first mortgage on the building and property. The mortgage contains a provision assigning all rents and other income from the property as additional security on the indebtedness and provides that in the event of default LICOVA may collect same and apply it to amounts due LICOVA. In addition, in order to induce LICOVA to make the loan, Hocroft delivered to LICOVA an assignment of rents and other income and an assignment of leases. These assignments also provide that in the event of default LICOVA may collect rent and income and apply it to the amounts due. Furthermore, the assignment provides that in the event of default, LICOVA is entitled to the appointment of *331 a receiver as a matter of right. The note contains a provision that the partners of Hocroft are liable only to the extent of their interest in the building and property and that any judgment obtained by LICOVA shall not be subject to execution against the partners nor be a lien against any other assets of the partners. Thus, there is no dispute but that the debt is limited in recourse affording LICOVA no right to a deficiency claim against the Hocroft partners. It is also undisputed that the loan is now in default and that LICOVA has filed a foreclosure action.
Hocroft argues that LICOVA is not entitled to the appointment of a rent receiver based solely upon the contractual provisions contained in the mortgage and assignments. Hocroft argues that LICOVA must demonstrate that its interest is in jeopardy before a receiver may be appointed. Hocroft relies upon a series of cases which hold that such contractual provisions alone do not justify the appointment of a receiver. See e.g. York Motel Associates v. Blum, 78 N.J. Super. 108, 114, 187 A.2d 624 (Ch.Div. 1962) certif. denied, 44 N.J. 403, 209 A.2d 140 (1965); Pols v. The Strand of Atlantic City, Inc., 136 N.J. Eq. 1, 7, 39 A.2d 708 (Ch. 1944); Tucker v. Nabo Construction Corp., 108 N.J. Eq. 449, 450, 155 A. 460 (Ch. 1931); New Jersey National Bank & Trust Co. v. Morris, 9 N.J. Misc. 444, 445, 155 A. 782 (Ch. 1931); But see Paramount B. & L. v. Sacks, 107 N.J. Eq. 328, 152 A. 457 (Ch. 1930).
The plaintiff seems to concede that there is a general rule that express contractual provisions providing for the assignment of rents are not binding, but argues that the undisputed facts in this case warrant the appointment of a receiver. They rely on authority holding that it is common to appoint a receiver in foreclosure actions where the mortgaged premises provide inadequate security, Rehberger v. Wegener, 107 N.J. Eq. 391, 392, 152 A. 700 (Ch. 1930), or where the mortgagor cannot be made to respond to any deficiency which may arise at the *332 foreclosure sale. Land Title and Trust Company v. Kellogg, 73 N.J. Eq. 524, 526, 68 A. 80 (Ch. 1907).
The basis for the general rule that such contractual provisions are not binding is not clear, but it appears to be that courts of equity regarded such provisions as an infringement upon the court's authority to decide whether equitable considerations warrant the appointment of a receiver. See 10 George Thompson Commentaries on the Modern Law of Real Property, § 5157 (1957); 3 Powell on Real Property, § 465 (1991). Because the general rule has not been reexamined in almost thirty years,[1] this court does not regard itself as bound by it.
This court holds that in the circumstances of this case a rent receiver should be appointed based solely on the contractual agreement between the parties. It is undisputed that the partners of Hocroft are sophisticated investors who negotiated a substantial loan upon which they individually have no liability for any deficiency. Furthermore, the assignment of rents and leases in the event of default and the right to have a receiver appointed was specifically given to LICOVA to induce LICOVA to make the loan. In general, it has long been the law that the principle of freedom of contract permits parties to make such agreements as they wish unless the agreement violates public policy in which case a court will not enforce it. Printing and Numerical Registering Co. v. Sampson, 19 L.R.Eq. 462 (1875); Terminal Construction Corp. v. Bergen County Hackensack River Sanitary Sewer District Authority, 34 N.J. Super. 478, 504, 112 A.2d 762 (App.Div. 1954); mod., 18 N.J. 294, 113 A.2d 787 (1955). Here, there is no suggestion that the agreement violates public policy.
*333 Finally, Hocroft argues that a receiver may not be appointed because the requirements of Crowe v. DeGioia, 90 N.J. 126, 447 A.2d 173 (1982) have not been met. This court holds that those requirements are not applicable to this application because even under the general rule relied upon by Hocroft it was within the court's discretion to appoint a receiver. Fidelity Union Trust Co. v. Pasternack, 123 N.J. Eq. 181, 183, 196 A. 469 (E & A 1938).
Accordingly, LICOVA's application seeking the appointment of a receiver is granted.
NOTES
[1] See York Motel Associates v. Blum, 78 N.J. Super. at 113-14, 187 A.2d 624 which suggested that such a reexamination might be in order and Fidelity Union Trust Co. v. Pasternack, 123 N.J. Eq. 181, 183, 196 A. 469 (E & A 1938) which noted a dispute as to the soundness of the general rule.