274 N.J. Super. 519 (1994)
644 A.2d 685
BARCLAYS BANK, P.L.C. NEW YORK BRANCH, PLAINTIFF-RESPONDENT,
v.
DAVIDSON AVENUE ASSOCIATES, LTD., A NEW JERSEY LIMITED PARTNERSHIP; DAVIDSON AVENUE PROPERTIES, INC., A NEW JERSEY CORPORATION; AND LAWRENCE S. BERGER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1994.
Decided July 8, 1994.
*520 Robert A. Bornstein argued the cause for appellants (Berger & Bornstein, P.A. attorneys; Lawrence S. Berger and Mr. Bornstein, of counsel; Paul H. Schafhauser on the brief).
Walter J. Fleischer, Jr., argued the cause for respondent (Shanley & Fisher, P.C., attorneys; Mr. Fleischer and James M. Altieri, of counsel; Lawrence E. Behning on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
We granted leave to appeal from the chancery judge's order appointing a rent receiver for defendant mortgagor's property.
We disagree with the trial judge's conclusion that plaintiff mortgagee is entitled to a rent receiver as a matter of contractual right and without prior judicial approval as to the necessity of the appointment. We conclude that notwithstanding an express contractual provision for such appointment in the loan documents, an application for the appointment of a rent receiver is subject to the careful review and exercise of sound discretion by the chancery judge.
We nevertheless affirm the order of appointment because we conclude that the mortgagor's failure to pay real estate taxes and insurance has created a real danger of impairment of the mortgagee's security.
*521 To secure part of its obligations under a credit agreement between the parties, defendant Davidson Avenue Associates, Ltd., executed a mortgage to plaintiff Barclay's Bank, P.L.C., in the amount of $1,250,000 on its properties located at 230 and 240 Davidson Road, Franklin Township. There are two buildings located at 230 Davidson Road: a two-story office building occupied by two tenants, and a one-story building containing a day care center. The total area of the buildings is 19,000 square feet. Two industrial buildings are located at 240 Davidson Road, with a total area of 49,000 square feet. Both buildings, formerly occupied by a single tenant, have been vacant since 1993.
The mortgage contains a number of conditions setting forth the buyer's obligations, including the usual provisions requiring timely payment of monthly mortgage installments, taxes and insurance. Paragraph 16(b) of the mortgage permits plaintiff to have a receiver appointed
after the happening of any Event of Default and during its continuance ... the Mortgagee shall be entitled, as a matter of right, if it shall so elect... forthwith to the appointment of a receiver or receivers of the Property or any part thereof and of all the earnings, revenues, rents, issues, profits and income thereof.
Davidson also executed an assignment of rents and leases in Barclay's favor, providing that plaintiff has the right, without regard to the adequacy of the collateral, to take possession of the property and collect and receive all rents and profits.
Barclay's has filed a foreclosure suit against Davidson alleging several incidents of default, including: failure to pay interest due under the underlying obligation, plus fees; failure to pay real estate taxes; failure to provide financial statements; and failure to pay insurance. The complaint and order to show cause sought the appointment of a rent receiver. Davidson claimed that it was not in default, alleging among other things that Barclay's had miscalculated the amount of interest and fees due, and that the parties had negotiated a different payment schedule. When we asked at oral argument whether there was any written proof of this "workout," Davidson's principal, who is also its attorney, said that the documents were in Barclay's file.
*522 On the adjourned return date, the chancery judge ordered the appointment of a rent receiver. In his oral decision, followed shortly thereafter by a comprehensive letter opinion, the judge relied on his earlier opinion in Life Ins. Co. v. Hocroft Assocs., 256 N.J. Super. 328, 606 A.2d 1150 (Ch. 1992), where he held that a rent receiver should be appointed upon default "based solely on the contractual agreement between the parties." Id. at 332, 606 A.2d 1150.
In Hocroft, the judge acknowledged but rejected the general rule that express provisions for the appointment of a rent receiver are not binding upon the chancery court. Ibid. While he recognized the reasons for the general rule to be that "such provisions [are] an infringement upon the court's authority to decide whether equitable considerations warrant the appointment of a receiver," ibid., he concluded that
in the circumstances of this case a rent receiver should be appointed based solely on the contractual agreement between the parties. It is undisputed that the partners of Hocroft are sophisticated investors who negotiated a substantial loan upon which they individually have no liability for any deficiency. Furthermore, the assignment of rents and leases in the event of default and the right to have a receiver appointed was specifically given to LICOVA [the mortgagee] to induce LICOVA to make the loan. In general, it has long been the law that the principle of freedom of contract permits parties to make such agreements as they wish unless the agreement violates public policy in which case a court will not enforce it.... Here, there is no suggestion that the agreement violates public policy.
[Ibid.]
We disagree with that conclusion. Appointment of a rent receiver solely in enforcement of a contractual right is a usurpation of the chancery court's power.
In Tucker v. Nabo Constr. Corp., 108 N.J. Eq. 449, 155 A. 460 (Ch. 1931), Vice Chancellor Bigelow held that a covenant in a mortgage providing for the appointment of a rent receiver upon default was not binding upon the court. Id. at 450, 155 A. 460. He wrote:
Receiverships, like injunctions and specific performance, are the tools whereby chancery exercises its peculiar jurisdiction and are used only when the facts warrant their employment, according to the established practice of the court. The *523 consent of parties, especially when given several years in advance, cannot operate to move the court to exercise such powers contrary to settled practice.
[Id. at 450-51, 155 A. 460.]
Accord Fidelity Union Trust Co. v. Pasternack, 123 N.J. Eq. 181, 183-84, 196 A. 469 (E. & A. 1938); York Motel Assocs. v. Blum, 78 N.J. Super. 108, 111, 187 A.2d 624 (Ch. 1962); Pols v. Strand of Atlantic City, Inc., 136 N.J. Eq. 1, 7, 39 A.2d 708 (Ch. 1944).
Other jurisdictions also hold that a mortgage provision for the appointment of a rent receiver does not entitle the mortgagee to a receiver as a matter of right. Dart v. Western Sav. & Loan Ass'n, 103 Ariz. 170, 438 P.2d 407, 410 (1968); Davis v. Seay, 247 Ark. 396, 445 S.W.2d 885, 886 (1969); Stadium Realty Corp. v. Dill, 233 Ind. 378, 119 N.E.2d 893, 894 (1954); W.I.M. Corp. v. Cipulo, 216 A.D. 46, 214 N.Y.S. 718, 723-24 (1926); Riverside Properties v. Teachers Ins. and Annuity Ass'n, 590 S.W.2d 736, 738 (Tex.Civ. App. 1979); accord 10 Thompson on Real Property § 5157 (1957) (provisions of a trust deed for a receiver should not be enforced unless equitable considerations so require); 3 Powell on Real Property § 465 (1990) ("parties cannot, by agreement, force a court of equity to grant an extraordinary remedy to a person who does not need the aid"); 59 C.J.S. Mortgages § 663 (1949) (a receivership clause in a mortgage does not automatically entitle the mortgagee to the appointment of a receiver and the question remains with the discretion of the court); cf. Smith v. Du Puis, 117 Fla. 222, 157 So. 491, 493 (1934) (mortgage stipulation for appointment of a receiver upon defendant's default shifts burden of proof to mortgagor to show that mortgaged property, exclusive of rents and profits, is ample security for the debt).
We overrule the holding in Hocroft, supra. A contractual provision for the appointment of a rent receiver upon mortgage default usurps the judicial function and thereby contravenes public policy.
Nevertheless, we will not set aside the chancery judge's appointment of a rent receiver. The covenant is given considerable weight in the court's evaluation of whether a rent receiver *524 should be appointed. Tucker v. Nabo Constr. Co., supra, 108 N.J. Eq. at 451, 155 A. 460; Pols v. Strand of Atlantic City, Inc., supra, 136 N.J. Eq. at 7, 39 A.2d 708; Davis v. Seay, supra, 445 S.W.2d at 886. As the chancery judge correctly pointed out, Davidson owes approximately $145,000 in property taxes and one month's insurance premiums in the amount of $3,200 which Barclay's was required to pay in order to avoid cancellation of the policy. These considerable debts have put Barclay's investments at risk. A receiver should be appointed when it appears necessary to protect the mortgagee's security. Fidelity Union Trust Co. v. Pasternack, supra, 123 N.J. Eq. at 183-84, 196 A. 469.
Davidson claims that it was given insufficient time to produce proof that it is not in default of the various mortgage conditions. Time is no longer a factor. Davidson now has all the time it needs to show the chancery judge that there is no default. Right now, there is abundant evidence of default. The failure to pay taxes and insurance has placed Barclay's security interest at considerable risk. The receiver will remain in place until further order of the chancery judge.
The order appointing a receiver for the mortgaged premises is affirmed, but for different reasons than those set forth by the chancery judge.
Affirmed.