**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1039-22

E&R ASSOCIATES, LLC,

     Plaintiff-Appellant,

v.

560 55 STREET, LLC, a NEW
JERSEY LIMITED LIABILITY
COMPANY, and MENDEL
DEUTSCH, individually.

     Defendants-Respondents.

_____

Submitted January 16, 2024 – Decided April 9, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-006853-20.

Strasser & Associates, PC, attorneys for appellant (William I. Strasser, of counsel and on the briefs; David Edwin Mayland and Maximilian Rick on the briefs).

Patrick O. Lacsina, Law Offices, LLC, attorney for respondents (Patrick O. Lacsina on the brief).

PER CURIAM

Plaintiff E&R Associates, LLC appeals from the November 18, 2022 order of the Chancery Division discharging the rent receiver and dispersing most of the funds held in escrow for the payment of outstanding taxes. We affirm.

I.

In November 2019, plaintiff filed a foreclosure complaint when defendants 560 55 Street, LLC (55 Street) and Mendel Deutsch defaulted on a mortgage loan in the amount of $2,325,000, which encumbered commercial property in West New York. The parties also executed an assignment of rents and leases in favor of plaintiff. Deutsch executed a personal guaranty holding him individually responsible for repayment of the mortgage.

55 Street defaulted on the mortgage loan, and plaintiff subsequently filed a foreclosure complaint. In accordance with the mortgage loan and unopposed, plaintiff moved for, and was granted, the appointment of a rent receiver on November 6, 2020. The Chancery court found that $55,463.89 in property taxes had not been paid for the 2020 calendar year. The order directed the receiver to pay taxes, sewer, water charges, and any penalties and interest. The order further directed the receiver "to use any surplus monies collected to make

A-1039-22

payments of principal and interest due under the mortgage debt held by [p]laintiff."

The court entered a final judgment in foreclosure on May 13, 2021 in favor of plaintiff for the sum of $2,595,569.60 as of April 13, 2021, with eleven percent interest on the sum of $2,367,186.36, attorneys' fees, and the costs of the suit. The court also directed the sale of the property to satisfy the outstanding mortgage obligation.

After multiple adjournments due to the two filings and dismissals of 55 Street's bankruptcy petitions, the sheriff's sale was relisted a third time for July 21, 2022. At that time, the total outstanding judgment was $2,842,365. In a published notice prior to the sheriff's sale, prospective bidders were told that the sale of the property would be subject to any outstanding liens or encumbrances, including any outstanding real property taxes. At the sale on July 21, bidders were informed that the entire balance of the 2022 real property taxes remained unpaid. Eden Equities, LLC, as the successful bidder, purchased the property for $2,750,000, less than the amount owed to plaintiff, and paid a deposit of $550,000. The purchase was not timely completed, and thereafter, the parties entered a consent order to complete the purchase for an additional payment of $60,000 to plaintiff.

A-1039-22

As of October 1, 2022, the rent receiver's escrow account had a balance of $59,738.35. After execution of the sheriff's deed, plaintiff moved to discharge the rent receiver and disburse the funds held in the escrow account to plaintiff. Eden opposed plaintiff's motion. As of October 24, 2022, $56,622.71 in taxes was owed on the property for three quarters of the 2022 calendar year. Following oral argument on November 18, 2022, in an oral decision, the court discharged the rent receiver and denied plaintiff's request for the disbursement of funds to plaintiff. The court explained that the money collected by the rent receiver was "dedicated" to the payment of taxes, and therefore, the money held in escrow was for the purpose of the paying taxes. The disclosure concerning any outstanding taxes made at the sheriff's sale did not extinguish the rent receiver's obligation nor the court's November 6, 2020 order. The court, therefore, concluded that the funds held in escrow collected through October 4, 2022, should be disbursed for the payment of the outstanding taxes.

## II.

Plaintiff now appeals the order and argues:

> POINT I
>
> THE TRIAL COURT ERRED IN FINDING THAT EDEN WAS ENTITLED TO FUNDS COLLECTED BY THE RENT RECEIVER PRIOR TO THE

4

ISSUANCE OF THE OCTOBER 4, 2022 SHERIFF SALE DEED.

A. THE MORTGAGE AND ASSIGNMENT OF RENTS PERMIT THE RENT RECEIVER TO PAY FUNDS TOWARD THE OUTSTANDING BALANCE ON THE MORTGAGE.

B. NEW JERSEY CASE LAW IS CLEAR THAT ONCE NOTICE IS GIVEN AND ANNOUNCED, THE SUCCESSFUL BIDDER TAKES THE PROPERTY SUBJECT TO ALL LIENS AND ENCUMBRANCES.

POINT II

THE TRIAL COURT ERRED IN FINDING THAT EDEN HAD STANDING TO CHALLENGE THE APPOINTMENT OF THE RENT RECEIVER OR DISTRIBUTION OF FUNDS IN ITS POSSESSION PRIOR TO THE ISSUANCE OF THE OCTOBER 4, 2022 SHERIFF SALE DEED.

"'A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We "apply a deferential standard in reviewing factual findings by a judge." Balducci v. Cige, 240 N.J. 256, 271 (2019).

"The authority to appoint a rent receiver is purely contractual, normally arising from the provision of a mortgage or other loan documents." Kaufman v.

5

53 Duncan Investors, L.P., 368 N.J. Super. 501, 506 (App. Div. 2004). The "purpose [of a rent receiver] is to protect the mortgagee's interests by imposing a court-supervised, disinterested person to collect the rents and pay expenses pending the ultimate disposition of the mortgaged premises." Ibid. A contractual provision for the appointment of a rent receiver is not mandatory for a court to follow because it "usurps the judicial function and thereby contravenes public policy." Barclays Bank, P.L.C. v. Davidson Ave. Assoc. Ltd., 274 N.J. Super. 519, 523 (App. Div. 1994).

Having reviewed the record, we discern no abuse of discretion or errors of law by the trial court and affirm the November 18, 2022 order. We are satisfied that the court reviewed the parties' submissions and made factual findings consistent with the court's November 6, 2020 order, which are amply supported by the record and that warrant our deference. Rova Farms Resort v. Investor's Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). Accordingly, the court appropriately concluded the outstanding taxes accrued prior to October 4, 2022 were to be paid to the municipality from the escrow account held by the rent receiver.

A-1039-22

To the extent we have not addressed any of plaintiff's arguments, it is because we find them without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E)

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7