IRA R. CROUSE v. PERTH AMBOY PUBLISHING COMPANY, AND IN THE ALTERNATIVE CHARLES L. STEUER-WALD.

Submitted December 3, 1913—Decided February 24, 1914.

In a suit against defendants in the alternative under section 6 of the Practice act, 1912, if liability of one defendant fairly implies non-liability of the other, and *vice versa*, and verdict pass against one defendant, a rule to show cause why such verdict should not be set aside should be directed to the other defendant as well as to the plaintiff.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *James S. Wight.*

For the defendant, Perth Amboy Publishing Company, *Theodore Strong.*

The opinion of the court was delivered by

PARKER, J.   As between the plaintiff and the corporate defendant the meritorious question is whether the verdict was plainly against the weight of evidence.   The suit was for a carpenter's bill in making partitions and inside alterations in a building rented and occupied by the publishing company, but at the time under option of purchase in favor of the defendant Steuerwald, which was afterwards taken up by him through a conveyance to his father.  · That the plaintiff was employed, had done his work, and was entitled to be paid by someone, and that his charges were reasonable, were facts in no way controverted; the question being whether Steuerwald or the corporate defendant should pay the bill.   Plaintiff accordingly brought his suit in the alternative, under section 6 of the Practice act, 1912, and rule 18 of this court (1913), so that the main question was whether his recovery should be against one defendant or the other.   The jury found that the publishing company was liable and that Steuerwald was not.   The claim is that Steuerwald should have been held liable and the company discharged.

Steuerwald was the manager (what he called the "accepted manager") of the publishing company, which was engaged in the business of publishing a newspaper.   Plaintiff's evidence tended to show that he was given rather a free hand in the ordering of supplies, and the like, for the company, and that there was a course of practice that amounted either to an authority covering the procurement of this work on behalf of the company or the holding out of himself as so authorized.   Plaintiff plainly relied on the responsibility of the company rather than on that of Steuerwald.   *Per*

*contra,* there was evidence negativing the existence of authority so broad in scope, and indicating that while the work was in progress Steuerwald was taken to task by officers of the company and answered that he was doing the work on his own account and would recoup himself out of an increase in the rent. The rent was largely increased shortly after the purchase by his father was concluded. But it does not appear that this conversation, or the alleged personal responsibility of Steuerwald, came to the notice of the plaintiff, who seems to have gone on and completed his work in reliance on the credit of the company. On going over the case we do not find the verdict so manifestly against the weight of evidence as to justify our interference.

There is another reason, founded on the bringing of the suit in the alternative, that should lead to a discharge of the present rule. On any reasonable theory of the case, a verdict against one defendant required a discharge of the other, and so the jury found. Now, if that verdict is brought in question, the other defendant should be heard as well as the plaintiff; for the natural inference in a case of this kind is that if the verdict against one defendant is wrong, the other defendant should have been held; and this the other defendant must be heard to controvert. Again, if the verdict be set aside as to the company, there ought to be a new trial as to both defendants, for if Steuerwald's verdict stands, peradventure a second jury will find the company not liable, and the plaintiff, though plainly entitled to be paid by one or the other, gets nothing from either. In such a case the rule should require both the plaintiff and the alternative defendant to show cause, and include both verdicts.

Criticism is made of a remark of plaintiff's counsel at the trial as prejudicial to the defendant company. It suffices to say that opposing counsel did not call the court's attention to it nor object in any way.

The rule to show cause will be discharged.