JOSEPH DI BIASO AND JOSEPH GRASSO, PLAINTIFFS-RESPONDENTS, v. FRANK KRICH, AND IN THE ALTERNATIVE MAX KRICH, DEFENDANTS-APPELLANTS.

Submitted October term, 1929—Decided September 3, 1930

Before Justices TRENCHARD, LLOYD and CASE.

For the appellants, *Martin J. Greenblatt.*

For the respondents, *McDonald & Joseph.*

PER CURIAM.

The appeal in this case might well be dismissed on the ground that all of the essential parties are not in court. The action was against Frank Krich, and in the alternative Max Krich. The appeal is by Frank Krich with notice to the plaintiffs only. Max Krich is not made a party in the appeal. That he might be seriously affected if the case be reversed.

is quite apparent. As it now stands no judgment appears against him, but if a retrial were awarded he would again be subjected to the hazard of a verdict and judgment. *Grouse* v. *Perth Amboy*, 85 *N. J. L.* 476.

We think the record is defective in another aspect. The only point argued is that the court improperly moulded the verdict, but we find no ground of appeal presenting such a question. The fourth ground (denominated reason in the record) is that the court "on its own motion and without any legal authority, directed the clerk of the court to enter judgment in favor of the plaintiffs and against the defendant Frank Krich." There is in this no complaint that the court failed to enter a like judgment against Max Krich, and the verdict of the jury, being in favor of the plaintiffs, it was quite proper that judgment to this effect at least should be so rendered.

Meritoriously, however, the appeal is without substance. The action being in the alternative and not based upon a joint liability, contemplated no right one as against the other. The entry of judgment against both defendants would avail the appellant nothing and a failure to enter judgment against Max subjects him to no legal injury.

The judgment is affirmed, with costs.