33 N.J. Super. 491 (1955)
111 A.2d 73
CHARLES J. KUPPER, PLAINTIFF-RESPONDENT,
v.
JOHN E. BARGER, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1955.
Decided January 13, 1955.
*492 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Henry H. Wiley argued the cause for appellants (Messrs. Berry, Whitson & Berry, attorneys; Mr. Franklin H. Berry, of counsel).
Mr. Adrian M. Unger argued the cause for respondent (Messrs. Milton M. and Adrian M. Unger, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
This action was instituted on April 27, 1951. The core of the controversy implicated in general the title to and rights to the use of a parcel of ocean-front land *493 in a real estate development known as Deauville Beach in the Township of Brick, Ocean County.
Answers and counterclaims were filed on behalf of defendants, and class representatives were designated for the many property owners. The action enveloped a large number of integrant issues, as many as 20 or 25, said the trial judge subsequently. A summary of them contained in the pretrial order occupies eight full pages of the appendix. Many conferences ensued in the endeavor to conciliate the points of conflict, but a complete compromise was never attained as a result of them.
April 15, 1953 was eventually designated for the trial of the action, which was incidentally to be immediately followed by the hearing of another suit instituted by Kupper, Inc., a corporation controlled by the plaintiff in the present action, to foreclose the liens of two mortgages covering the beach lands. A protracted trial was reasonably to be anticipated.
The trial judge in a spirit of mediation recommended on the day for trial that the parties present and their respective attorneys engage in one more conference to ascertain whether the subjects of their oppugnant and divergent contentions could not possibly be compromised. At midday the announcement was made to the court that the negotiations of the parties had been fruitful.
It seems evident that the parties did on that occasion at least agree upon the basement or substructure upon which the more precisely expressed terms and details of a consent judgment would be erected. An oral and extemporaneous declaration of the principal controversial subjects which were said to have been adjusted by the parties was expressed in the ensuing proceedings in open court and stenographically recorded. The concluding remark of the patient trial judge was: "This Court will sign a judgment encompassing all the terms that counsel can agree to," referring undoubtedly to those within the general sphere of the reported settlement.
Suffice to state that counsel for the plaintiff and counsel for some of the defendants who are the present appellants *494 were unable to concur in the composition of a mutually agreeable judgment. Alternative forms of the proposed conformable judgment were submitted to the court by counsel for those parties, together with supporting and critical correspondence as to each form. Subsequently the oral arguments of those counsel anent the appropriate form and substance of the proposed consent judgment were heard by the court, at which it was recommended by counsel for the present appellants that since the proposed judgment presented on behalf of the plaintiff did not express and adequately embody one or more of the paramount terms of the settlement within the contemplation of the parties, and if that submitted by him were unacceptable, in such event the action should proceed to trial.
The judgment in the tenor proposed by counsel for the plaintiff was adopted and entered by the court. The propriety of the entry of that judgment is here challenged by the defendants-appellants.
It is undoubtedly the policy of our courts to presume unless the contrary appears that a stipulation entered into by the attorneys in open court respecting the terms of the settlement of the pending action is authorized by their clients. Bernstein & Loubet, Inc. v. Minkin, 118 N.J.L. 203 (E. & A. 1937). Assuredly such stipulations and their enforcement are subject to the sound discretion and control of the court. Howe v. Lawrence, 22 N.J.L. 99 (Sup. Ct. 1849); Hygrade Cut Fabric Co. v. United States Stores Corp., 105 N.J.L. 324 (E. & A. 1929); Martin v. Lehigh Valley R.R. Co., 114 N.J.L. 243 (E. & A. 1935). However, the enforcement of such stipulations by the judgment of the court is denied where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms.
We have thoughtfully examined the course of the proceedings in the present case. While it is manifest that the declarations of counsel for the record, which seem to have *495 been regarded by the court as a stipulation of settlement, established a conciliatory basis and foundation upon which it was doubtless confidently expected that all of the issues, superior and subordinate, would be compromised, we think the so-called stipulation in reality constituted the vine but not all the branches, and that it was therefore not sufficiently complete to warrant the entry of the judgment under the attribution of the mutual consent of the parties.
At this point we pause to consider whether the present appeal enables us to nullify the judgment. We observe that the judgment, inter alia, dismissed with prejudice the second and third counts of the plaintiff's complaint against the defendants thereto, among whom were the defendants Corrigan, Fox, Mrs. Hardingham, Mrs. Bucossi, and the corporate defendant, the South Jersey Title Insurance Company, and likewise dismissed the counterclaim of Mrs. Hardingham. Those defendants do not appeal. They were not served with a notice of the present appeal and accordingly are not parties herein.
Moreover the mortgage foreclosure action to which previous reference was made was voluntarily dismissed with prejudice by Kupper, Inc. Counsel for the appellants has stipulated that if the judgment here under review is reversed, the appellants will consent to a vacation of the judgment dismissing the foreclosure suit. But counsel for the appellants does not represent all of the defendants in the foreclosure action, notably the Township of Brick, which had filed an answer in defense. The Township of Brick, for example, was not served with notice of the present appeal.
It is the general rule of procedural law that all parties in the action whose rights and interests therein may be adversely affected by the reversal of the judgment should be made parties to the appeal. The application of the rule to the particular appeal is to be determined by the appellate court. Powell v. Yearance, 73 N.J. Eq. 117 (Ch. 1907); Crouse v. Perth Amboy Pub. Co., 85 N.J.L. 476 (Sup. Ct. 1914); Di Biaso v. Krich, 8 N.J. Misc. 702 (Sup. Ct. 1930); In re McCabe's Estate, 125 N.J. Eq. 278 (E. & A. *496 1939); In re Roth's Estate, 139 N.J. Eq. 588, 590 (Prerog. 1947); 2 Am. Jur. 993, § 241; 4 C.J.S., Appeal and Error, § 592, p. 1055.
True, the circumstances and the situations of the parties may be dissimilar in the adjudicated cases, but the principle is therein exemplified. The question confronts us whether the respective rights and interests of all of the defendants derived from and established by this judgment are correlative. We think so in that all of the elements of the judgment commonly emanated from one and the same initiatory and rudimentary endeavor to compromise by balancing as against each other all of the controversial issues implicated.
We notice that only counsel for the plaintiff and for the appellants appeared and were heard by the court on the application to settle the terms of this judgment, nor were the defendants who were ignored in the prosecution of the present appeal afforded any opportunity to defend their vested rights in the judgment as entered.
In assuming the full efficiency of the compromise the plaintiff has seriously disarmed himself in the conflict of the several subjects of contention. To leave him in that prejudicial situation and to exonerate only the appellants from the observance of their reciprocally interchanged obligations by a reversal of the judgment would not be conducive to the interests of equity and justice.
For the reasons herein expressed we decline either to affirm or reverse the judgment under review. In the existing situation it is our conclusion that the appeal must be dismissed, but we nevertheless express our conclusion that the judgment should be vacated, and to avoid the procedural impediment which restrains us from doing so, we are mindful of the power and authority of the trial court to afford the appellants that relief pursuant to R.R. 4:62-2 upon application and notice thereof to all of the parties to the original cause. Cf. Shammas v. Shammas, 9 N.J. 321 (1952).