43 N.J. Super. 32 (1956)
127 A.2d 574
ARTHUR P. SCIARROTTA AND JOSEPHINE M. SCIARROTTA, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
FRANK A. VITELLARO, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1956.
Decided December 11, 1956.
Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Michael Felcone argued the cause for appellants (Messrs. Felcone & Felcone, attorneys).
Mr. David Deitz argued the cause for respondent J.B. Richardson & Sons, Inc.
*33 The opinion of the court was delivered by JAYNE, J.A.D.
On October 11, 1952 one Vincent S. Sciarrotta purchased a parcel of land. On May 16, 1955 Arthur Sciarrotta engaged by a contract in writing Frank A. Vitellaro and Fred W. Rogers, trading as Ideal Builders, to construct a dwelling on the property. Arthur Sciarrotta was not then the owner of record of the premises. The record title holder was Vincent S. Sciarrotta. The building contract so executed was filed in the Mercer County Clerk's office. Thereafter several mechanic's notices of intention and subsequent stop notices were filed by creditors whose unpaid claims appertained to the construction of the residence, one of whom, J.B. Richardson & Sons, Inc., in the irregular state of the building contract instituted a mechanic's lien action in the Law Division of the Mercer County Court on June 8, 1956.
On or about June 25, 1956 Arthur Sciarrotta and his wife, who had acquired title to the property shortly after the filing of the building contract and who were made parties to the pending action in the Mercer County Court, instituted an action in the nature of an interpleader in the Chancery Division of this court, tendering for distribution the deposit of a fund of $3,200.
The plaintiff in the action at law, Richardson & Sons, among others, was made a defendant in the action in the Chancery Division, and in the latter tribunal moved for an order dismissing the interpleader suit. In response to that motion an order was made on August 13, 1956 adjudging "that the plaintiffs' said complaint be and the same is hereby dismissed with costs." The present appeal relates solely to the propriety of the dismissal of the complaint.
The bar by this time has witnessed a parade of decisions relative to the modern disapproval of the multiplicity of actions, the so-called "piece-meal" litigation, or the "splitting" of the litigious components of a controversial unit. Some recent decisions occur to us readily: Donnelly v. Ritzendollar, 14 N.J. 96, 103 (1953); Ajamian v. Schlanger, 14 N.J. 483, 485 (1954); New Jersey Highway Authority *34 v. Renner, 18 N.J. 485, 492 (1955); Korff v. G and G Corp., 21 N.J. 558, 566 (1956); Vacca v. Stika, 21 N.J. 471, 475 (1956); Tumarkin v. Friedman, 17 N.J. Super. 20, 24 (App. Div. 1951), certification denied 9 N.J. 287 (1952); In re Opper's Estate, 29 N.J. Super. 520, 524 (App. Div. 1954); cf. Curley v. Curley, 37 N.J. Super. 351 (App. Div. 1955).
The decision of the Chief Justice in Donnelly v. Ritzendollar, supra, has significant pertinency here. There is no intimation that the County Court lacked jurisdiction to determine the validity of the lien claim of Richardson & Sons, in which pending action both it and the plaintiffs in the Chancery action were already parties. Patently, the latter were in a position to seek their desired relief by counterclaim and by a third-party complaint in the County Court action against all other claimants.
We perceive no jurisdictional impediment to the determination of the controversial validity and enforceability of the lien claim of Richardson & Sons in the County Court proceedings, nor do we discern any procedural restraint excluding the introduction in that action of the claims of other creditors, their legality and priority, also with an available protective tender by the owners of the premises of a fund in that court of an acknowledged indebtedness inclusive of the several claims.
True, the Chancery Division judge might have transferred the action in his division to the County Court, Donnelly v. Ritzendollar, supra, or as he did, dismiss the action subsequently instituted in his division, Tumarkin v. Friedman, supra. Ordinarily a transfer of the action is preferable.
We are aware of the injustice that would now be visited upon the plaintiffs in the Chancery action if our affirmance of the dismissal of the Chancery action were to be regarded as an adjudication depriving the plaintiffs herein of any remedy, legal or equitable, which they may have properly interposed in the county court action. Such is not our intention, and our mandate in this appeal should expressly *35 so state. We merely conclude that the dismissal of the complaint was not erroneous.
We ought not express any opinion on the meritorious and controversial subjects of this litigation, since other interested parties whose rights may be adversely affected do not appear to be parties to this appeal. Cf. Kupper v. Barger, 33 N.J. Super. 491, 495 (App. Div. 1955).