CAST OPTICS CORPORATION, PLAINTIFF-RESPONDENT, CROSS-APPELLANT, v. TEXTILE WORKERS UNION OF AMERICA (AFL-CIO), DEFENDANT-APPELLANT, CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 27, 1971—Decided December 23, 1971.

532

Before Judges LEWIS, KOLOVSKY and HALPERN.

*Mr. Sidney Reitman* argued the cause for defendant (*Messrs. Kapelsohn, Lerner, Leuchter & Reitman,* attorneys).

*Mr. Jerry N. Friedland* argued the cause for plaintiff (*Messrs. Barr, Kaplus, Cohen & Friedland,* attorneys).

The opinion of the court was delivered by

KOLOVSKY, J. A. D. In this action growing out of a labor dispute the court by its order of August 11, 1969 granted defendant union's motion for dismissal of the complaint and dissolved "the temporary injunction [t]heretofore issued."
 Defendant thereafter sought an allowance of costs and counsel fees. Its application was denied by order entered November 3, 1969; hence this appeal.

It is now settled law that [*R.* 4:53–7] incorporates the counsel fees provisions of section 53 [*N. J. S. A.* 2A:15–53] of the Anti-Injunction Act into the court rules thereby providing for another category of cases in which allowance of counsel fees is authorized pursuant to [*R.* 4:42–9]. *Westinghouse Electric Corp. v. Local No. 449,* 23 *N. J.* 170 (1957).

This case holds that in cases falling within the overall scope of the Anti-Injunction Act and meeting the intendment of the requisites specified in section 53 thereof, *i. e.,* the injunctive relief preliminarily granted is subsequently denied or the order granting such relief is thereafter reversed on appeal, such determination being on the merits, the allowance of both costs and counsel fees is mandatory and not

merely discretionary. [*U. S. Pipe, etc. v. United Steelworkers of America*, 37 *N. J.* 343, 356 (1962)]

The trial court ruled that its dismissal of the complaint and dissolution of the injunction was a determination on the merits and not one "merely reflecting a procedural defect." Nevertheless, it denied defendant's application for counsel fees because it concluded, for the reasons to be discussed later in this opinion, that the injunction which was dissolved — that appearing in the order of July 31, 1969 — was not a "court mandated restraining order or injunction" whose dissolution would entitle defendant to an award of counsel fees under *N. J. S. A.* 2A:15–53.

Defendant challenges the propriety of the latter ruling and contends that it should have been allowed the counsel fees requested, $3000. Plaintiff acknowledges the reasonableness of the amount applied for but argues that the denial of any allowance was proper, not only for the reason given by the court but also because, contrary to what the court ruled, the dismissal of the complaint did not result from a determination on the merits. (Plaintiff's notice of cross-appeal was filed only because it assumed, erroneously, that it was necessary for it to cross-appeal to preserve its latter contention. Appeals are taken only from adverse orders; here the order entered was in plaintiff's favor.)

Since "each case must be considered in its own peculiar setting," *United States Pipe, supra,* 37 *N. J.* at 363, we turn to a consideration of the facts of this case.

Plaintiff's employees were members of defendant union. The terms and conditions of their employment were provided for in a collective bargaining agreement whose term ran from November 7, 1966 to November 7, 1969. On or about June 30, 1969 the employees struck, allegedly because plaintiff had committed breaches of the agreement.

On July 30, 1969 plaintiff filed a complaint with supporting affidavits in the Chancery Division, charging defendant and its members with illegal mass picketing, intimidation

of employees who desired to enter plaintiff's plant, and sundry abusive and violent acts and conduct. Prayed for was an injunction restraining the picketing and the alleged unlawful conduct.

An order to show cause issued on the filing of the complaint, returnable the next day, July 31, ordering the union and its members to show cause why they should not be restrained in accordance with the prayers of the complaint.

On July 31 defendant appeared through counsel and submitted an affidavit denying the charges of unlawful conduct and asserting that strikebreakers employed by plaintiff not only had threatened employees who were picketing but also had committed acts of violence. Further, the affidavit detailed a number of respects in which plaintiff had allegedly breached its obligations under the collective bargaining agreement.

No testimony was taken on the return day of the order to show cause. Instead, after lengthy conferences between counsel and the Chancery Division judge, the order of July 31, 1969 was entered. That order, signed by the judge and "consented to as to form and entry" by the attorneys for plaintiff and defendant, recited that the court had "considered the Complaint, Affidavits annexed thereto, an Affidavit submitted on behalf of defendant, and presentation of counsel thereon"; that it appeared that each party had filed charges with the National Labor Relations Board alleging commission of unfair labor practices by the other but that the Board had not yet indicated whether it would accept jurisdiction; that both parties, by their affidavits, had alleged "serious and unlawful acts, including claims of violent conduct, against the other," and that the "court has decided to attempt preservation of a proper status quo pending an opportunity for further consideration of the matter."

Then followed the court's order. The injunctive provisions appear in paragraph 3; the other paragraphs adjourned the return day of the order to show cause until August 8, 1969, granted permission to the parties to move

on 12 hours' notice to modify the order, and preserved the right of the parties to have a hearing, to address motions to the pleadings and proceedings and to serve and file additional affidavits and exhibits not later than two days prior to the adjourned return date.

Paragraph 3 of the order reads as follows:

Meanwhile, and until the further Order of this Court:

(a) Neither the defendant Local 656, T.W.U.A. (AFL-CIO), nor any of its members, associates, agents, or persons acting on its behalf or in combination with Local 656 shall engage in picketing at plaintiff's manufacturing premises (at or in the vicinity of 244 and 215 So. Newman St., Hackensack, New Jersey) except with not more than 8 pickets at any one time, at the plant's main entrance and not more than 5 pickets at any other plant entrance at any one time, and the arrangement of the pickets shall not be such as to block ingress and egress;

(b) Said picketing, referred to above by defendant, and any other activity shall be peaceful, without threats, intimidation or coercion or attempt thereat;

(c) There shall be no trespass on premises of the plaintiff, excepting insofar as picketing may be conducted on sidewalks, driveways or like areas generally available for passage and repassage;

(d) The prohibiting above set forth against violent or non-peaceful conduct, threats, intimidation, and coercion, or attempt thereat, is hereby equally directed toward, and shall fully apply to the plaintiff, its officers, agents, supervisory and other employees, and persons acting in its behalf or in combination with plaintiff.

All further proceedings in this matter were before another judge of the Chancery Division. At the hearing on August 8, 1969 he first considered defendant's motion to dismiss the complaint and to dissolve the restraints because of plaintiff's alleged breaches of the collective bargaining agreement. Defendant contended that such breaches constituted a failure by plaintiff to comply with "an obligation imposed by law" and hence a bar to the injunctive relief sought because *N. J. S. A.* 2A:15-54 provides:

No restraining order or injunctive relief shall be granted to any plaintiff who has failed to comply with any obligation imposed by law which is involved in the labor dispute in question, or who has failed

to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration.

Defendant's affidavit proof of plaintiff's breaches of the collective bargaining agreement was uncontradicted. Plaintiff elected not to offer any evidence with respect thereto although the hearing was continued by the court from August 8 to August 11 to afford it an opportunity to do so.

In his oral opinion following argument on the latter date, the judge found that plaintiff had breached provisions of the collective bargaining agreement which required it to make payments to the employees' insurance program, to check-off union dues, to permit union representatives to have access to the plant, to recognize defendant union as the bargaining agent for its employees, and to follow stipulated grievance procedures. The judge also noted that there was no evidence that the employer had made an "effort to settle the dispute either by negotiation or with the aid of any available governmental machinery, mediation, or voluntary arbitration."

On the basis of his findings the judge concluded that N. J. S. A. 2A:15–54 mandated that the complaint be dismissed and "the temporary injunction [t]heretofore issued" be dissolved. The order entered on August 11, 1969 provided, however, that the dismissal and dissolution be

* * * all without prejudice to the plaintiff's right to again apply to the Court for such relief as may be just and proper when it has effected compliance with the provisions of R. S. [sic] 2A:15–54.

Plaintiff did not appeal from the order of dismissal of August 11, 1969 nor did it exercise the granted right to file a new complaint if it first complied with the provisions of N. J. S. A. 2A:15–54. Indeed it does not now argue that the court erred in dismissing the complaint.

█ It does contend, however, that the dismissal was not on the merits because the court did not reach or decide the

question of the truth of plaintiff's charges that defendant and its members had engaged in unlawful conduct.

Plaintiff misconceives the scope of the requirement that the denial of the injunction sought by a plaintiff be on the merits. That requirement relates to a determination on the merits of plaintiff's right to an injunction, not to a determination of whether wrongful acts of the defendant might entitle plaintiff to some other form of relief.

"An injunction is an extraordinary equitable remedy utilized primarily to forbid and prevent irreparable injury. It must be administered with sound discretion and always upon the considerations of justice, equity, and morality evolved by the given case." *Canda Realty Co. v. Carteret*, 136 *N. J. Eq.* 550, 556 (*Ch.* 1945)

No court of equity will exercise its power to grant injunctive relief merely upon a showing that the party proceeded against is committing or is intending to commit an unlawful or an improper act. [*N. J. State Bar Ass'n v. Northern N. J. Mortgage Associates*, 22 *N. J.* 184, 194 (1956)]

Further,

There are certain fundamental principles or maxims which lie at the basis of equity jurisprudence and govern the court in the granting or withholding of relief. Important among these is the one which relates to the fairness or good conduct of the party invoking the court's aid, and which requires a denial of relief to a suitor who is himself guilty of misconduct in respect to the matter in controversy, and who does not come into court with "clean hands." [42 *Am Jur* 2d, *Injunctions*, § 35 at 772–773]

It is this settled equitable principle that the Legislature, by enacting *N. J. S. A.* 2A:15–54, has applied to the area of labor disputes. Indeed, the identical provision of the Norris-LaGuardia Act (29 *U. S. C. A.* § 108), the progenitor of the New Jersey statute, has been characterized as the "clean hands provision" of that Act. *Brotherhood of R. T., etc. v. Toledo, P. & W. R. R.*, 321 *U. S.* 50, 60, 64 *S. Ct.* 413, 418, 88 *L. Ed.* 534 (1944); *Long Island Railroad Company v. System Federation No.* 156, 368 *F. 2d* 50, 53 (2 Cir. 1966).

■ A determination that a plaintiff is not entitled to an injunction because he did not come into court with clean hands is a determination on the merits. *Van Name v. Federal Deposit Ins. Corp.,* 130 *N. J. Eq.* 433, 445 (Ch. 1941), aff'd 132 *N. J. Eq.* 302 (E. & A. 1942).

■ So, too, is a determination, as here, that plaintiff-employer is not entitled to an injunction against alleged unlawful acts of its employees because it has failed to comply with *N. J. S. A.* 2A:15-54. Compliance with that provision is a "statutory prerequisite," *United States Pipe, etc. v. United Steelworkers of America, supra,* 37 *N. J.* at 362, to the grant of an injunction.

The statute requires that the court be satisfied before granting an employer an injunction not only that defendant has committed the unlawful acts which the employer seeks to enjoin but also that the employer has not "failed to comply with any obligation imposed by law which is involved in the labor dispute in question." *N. J. S. A.* 2A:15-54. If the proofs show that the employer has failed to comply with those obligations, then one of the essential elements required to be shown to entitle plaintiff to the injunctive relief sought is missing and an injunction cannot be granted. A determination that such element is missing is a decision on the merits, not a determination that a procedural defect exists in the pleadings or procedure.

The situation presented here is analogous to that existing in *Westinghouse Elec. Corp. v. Local No. 449, etc.,* 23 *N. J.* 170 (1957). There the plaintiff-employer sought to enjoin defendants from illegal picketing. Defendants obtained an order permitting them to depose plaintiff's president and other officers for the purpose of showing that they had failed to make prior reasonable efforts to settle the labor dispute as required by *N. J. S. A.* 2A:15-54. Rather than submit their officers to depositions, plaintiff took a voluntary dismissal. The Supreme Court ruled that allowance of counsel fees to defendants was mandated by *N. J. S. A.* 2A:15-53.

In denying defendant's application for counsel fees the court, after referring to *N. J. S. A.* 2A:15–53 and the *Westinghouse Electric* and *United States Pipe and Foundry Co.* cases cited above, said:

These cases demonstrate clearly that there must be some type of court mandated restraining order or injunction which is thereafter dissolved before the defendant would be entitled to court costs and counsel fees under *R. S.* [*sic*] 2A:15–53.

There was no such court mandated preliminary restraint or injunction imposed in the instant case. A close examination of its history demonstrates this. The prohibitions were directed against both parties, the preamble set the tone of the order by the use of the phrase "the court has decided to attempt preservation of the proper *status quo* pending opportunity for further consideration of the matter . . . .", the prohibitions were effective for a period of nine (9) days rather than the five (5) day maximum provided by *R. S.* 2A:15–53, there was no taking of oral testimony or findings of fact required by the statute nor was there a requirement in the order for the filing of a bond or undertaking in favor of the person or persons restrained. This coupled with the legend "Consented to as to form and entry" above the signature of all counsel fly in the face of defendant's contentions that this order was anything but a consent type of order. I cannot infer anything but that the Court's signing the order intended it to be a consent type of order. Hence, the statutory prerequisite to an award of counsel fees and court costs; namely that there be an initial restraint which is later dissolved, is not present. The motion of defendant is therefore denied.

We cannot concur in the quoted interpretation of the effect and consequences of the order of July 31, 1969. That order was entered only after defendant had been brought into court by the order to show cause which plaintiff had obtained. Defendant was required to retain counsel to defend itself. The fact is that the July 31 order did grant injunctive relief against defendant and its members — injunctive relief which remained in effect until the restraints were dissolved by the order of August 11, 1969. The order was an order of the court. Had defendant or its members wilfully violated any of the restraints contained therein, they would have subjected themselves to prosecution for contempt of court.

■ It is of no legal significance that the grant of injunctive relief against defendant was accomplished, not by an order entered after the taking of testimony but by a consent order entered by the court following negotiations between the court and counsel for the respective parties and what was tantamount to a waiver of the statutory provisions for taking of testimony and finding of facts by the court. Although entered by consent, the order had the same force and effect as would an identical order entered after the taking of testimony and the making of findings of fact. *Public Service Elec. and Gas Co. v. Waldroup*, 38 *N. J. Super.* 419, 425–426 (App. Div. 1955); *Macfadden v. Macfadden*, 49 *N. J. Super.* 356, 362 (App. Div. 1958), certif. den. 27 *N. J.* 155 (1958); *Fidelity Union Trust Co. v. Union Cemetery Ass'n,* 136 *N. J. Eq.* 15, 25 (Ch. 1944).

There is no validity in the suggestion that the order of July 31, 1969 should be deemed in effect a contract rather than "a court mandated restraining order or injunction." *Spencer v. Fairclough,* 137 *N. J. L.* 379, 382–383 (E. & A. 1948).

Apposite is what the United States Supreme Court said in *United States v. Swift & Co.,* 286 *U. S.* 106, 115, 52 *S. Ct.* 460, 462, 76 L. Ed. 999 (1932):

We reject the argument * * * that a decree entered upon consent is to be treated as a contract and not as a judicial act.

and what a later federal court ruled in reliance thereon:

A consent decree, although based upon an agreement of the parties rather than a finding of facts by the court, is not a mere authentication or recording of that agreement. It is a judicial act (United States v. Swift & Co., 286 U. S. 106, 115, 52 S. Ct. 460, 76 L. Ed. 999) * * *. [*United States v. Radio Corporation of America,* 46 *F. Supp.* 654, 655 (D. Del. 1942)]

■ The order under appeal is reversed and the cause remanded to the trial court to grant defendant's application for a counsel fee of $3000.