232 N.J. Super. 368 (1989)
556 A.2d 1334
FIRST NATIONAL STATE BANK OF N.J. N/K/A FIRST FIDELITY BANK NA NJ, PLAINTIFF,
v.
RICHARD GRAY AND GLORIA GRAY, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided March 1, 1989.
*370 Edward A. Dreskin for plaintiff.
No appearance by defendants.
COBURN, J.S.C.
This matter came before me on plaintiff's ex parte submission of a single document entitled "Consent Order to Enter Judgment." This proposed consent judgment contains what purports to be defendant Richard Gray's signature sworn to and subscribed before a notary public of the State of New Jersey. The question presented is whether this private settlement between plaintiff's attorney and the unrepresented defendant has been properly brought before the court. I will not sign the proposed judgment since I find the submission to be unauthorized by the court rules, inconsistent with the common law, and an open invitation to oppression.
Before discussing the law, it would appear worthwhile to note certain information not made available to the court as a result of plaintiff's approach: the nature of the civil action; the basis for jurisdiction; the process, if any, employed; whether defendant is a minor or an incompetent; the method by which damages were calculated; whether the judgment has been consented to with fraudulent intent or to protect the property of defendant from his creditors; the circumstances under which *371 defendant's consent was obtained; and whether defendant has appeared in the action.
Turning to the court rules, I find that the issue of "appearance" in the action is the first hurdle plaintiff has failed to overcome. R. 4:5-1 lists the kinds of initial pleadings permitted for each party and provides that "(n)o other pleading is allowed." A consent judgment is not within the list. Although, R. 4:4-6 permits a party who is a competent adult to appear by signing and filing a "general appearance or an acceptance of the service of a summons," the document submitted in this case does not even purport to be either of those pleadings. Consequently, defendant has not yet "appeared" in the action so as to place him "under the control of the court" and "subject to appropriate disciplinary action," as is required by R. 1:21-1(b).
The only pertinent reference to consent judgments appears in R. 4:42-1(b), (c) and (d). Subsection (b) allows a party to sign a consent judgment, but, in so doing, it is clearly referring to a party who has appeared in the action. If construed otherwise, then under subsection (d), plaintiff's counsel could have obtained judgment in this case by including in the document a mere "recital that all parties have in fact consented to the entry of the judgment." R. 4:42-1(d). That approach would make the oppressiveness of the pre-1969 judgment-by-confession law seem innocuous by comparison. See Pressler, Current N.J. Court Rules, Comment R. 4:45.
This opinion would be pointless if the matter were permitted to turn on the absence of an answer, general appearance, or acknowledgement of service of process since I must assume that a defendant's signature certainly could be obtained by a plaintiff on such documents with no more trouble than a signature on a consent judgment. The important question concerns what proofs a court should require before permitting a private agreement between competent adults to become its judgment.
*372 A consent judgment has been properly described as a "contract entered into with the solemn sanction of the court." Stonehurst at Freehold v. Tp. Comm., Tp. Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976); emphasis supplied. Its adjudicative effect is the same as that of a judgment entered after trial or on motion. Pope v. Kingsley, 40 N.J. 168, 173 (1963). However, entry of a consent judgment is inappropriate and the judgment itself is unenforceable when the agreement it encompasses or the relief it grants is illegal. Stonehurst at Freehold, supra; Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197, 206-208 (Law Div. 1961). Furthermore, as the court observed in Kupper v. Barger, 33 N.J. Super. 491 (App. Div. 1955), "stipulations (of settlement) and their enforcement are subject to the sound discretion and control of the court." Id. at 494.
Because of the dearth of information resulting from the unauthorized mode of proceeding selected by plaintiff, I can find no basis for the exercise of discretion in a manner that could be fairly deemed sound. A consent judgment is not a mere authentication or recording of the parties' agreement. It is a solemn judicial act. Cast Optics v. Textile Workers Union of America, 117 N.J. Super. 530, 540 (App.Div. 1971). Plaintiff's approach may well be described in the same words used by Chief Justice Kirkpatrick 165 years ago to point up the then existing defects in the procedures permitting entry of judgments by confession upon an attorney's bond and warrant. He said: "(T)he method in which they are entered is the loosest way of binding a man's property that ever was devised in any civilized country." Diament v. Alderman, 7 N.J.L. 197, 198 (Sup.Ct. 1824). Under modern practice, a judgment by confession may only be obtained pursuant to an exacting procedure. R. 4:45-2 provides:
No judgment shall be entered on warrant of attorney in any action on a bond or other instrument for the payment of money, except on motion after notice to the defendant served in lieu of summons in accordance with R. 4:4-4 or by registered or certified mail. On the return day of the motion, the attorney at *373 law, confessing judgment pursuant to the warrant, shall produce to the court his warrant therefor, the bond or instrument, and the affidavit of the plaintiff, his attorney or agent, to which is attached a copy of the warrant and instrument, stating the true consideration for the liability stated in the instrument, the amount then justly due the plaintiff, and that the judgment is not confessed with a fraudulent intent or to protect the property of the defendant from his creditors. The court may require additional proof in such form as it directs that the warrant was duly executed, the person liable is living and was notified of the application, and the debt or a part thereof is unsatisfied. The court shall then, if satisfied with the proofs, order entry of a judgment for such amount as it finds to be due.
Similarly, the entry of default judgment is carefully regulated by the court rules. R. 4:43.
Since no rule expressly governs the situation presented, the court is charged with the responsibility of proceeding in a manner compatible with the purposes of the rules; i.e., "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2. To satisfy those aims, a court should require that a proposed "consent judgment" against a pro se defendant be supported in the following manner. If defendant has not appeared in the action, a general appearance or acknowledgement of service executed in accordance with R. 4:4-6 shall accompany the proposed judgment which shall recite defendant's consent to form and entry and which shall bear defendant's acknowledged signature. Plaintiff shall also file a certification demonstrating the factual basis for subject matter and personal jurisdiction, the nature of the action, and a detailed account of the basis on which damages were calculated. Plaintiff shall submit an affidavit of defendant stating that he is neither an infant nor an incompetent, that the proposed judgment has been agreed to without fraudulent intent, nor to improperly protect his property from other creditors; and that he understands he is freely giving up his legal right to contest the claim and to require plaintiff to prove any right to money damages in open court in defendant's presence. The matter shall be brought before the court by plaintiff on notice of motion to defendant under R. 1:6-2.
*374 For the reasons set forth, plaintiff's application for the entry of judgment by consent is denied without prejudice to a new application prepared and filed in accordance with this opinion.