646 A.2d 437

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
KAREN J. CRUSE, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 14, 1994—Decided June 30, 1994.

Before Judges PRESSLER,[1] DREIER and KLEINER.

No brief was timely filed by respondent.

*Deborah T. Poritz,* Attorney General, attorney for appellant (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Alicia Cutro,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

The State appeals from the denial of its motion to enter a consent judgment against defendant Karen Cruse for the balance due on a defaulted student loan. The State apparently employs this consent judgment procedure to save time and expense when there has been a default on an obligation to the State and a defendant has agreed to the terms of payment and the entry of a judgment incorporating this agreement.

The trial court, following the earlier reported decision in *First Nat'l State Bank v. Gray,* 232 *N.J.Super.* 368, 373, 556 *A.*2d 1334 (Law Div.1989), refused to enter the consent judgment because (a) defendant had not filed an appearance or an acknowledgement of service, and (b) the State had failed to file a certification demonstrating the factual basis for the subject matter and personal jurisdiction, describing the nature of the action, and providing a detailed account of the basis upon which the State calculated damages. The court in *First Nat'l State Bank* had also required that the State submit an affidavit that the defendant was not an infant or an incompetent, that the proposed judgment had been consented to without fraudulent intent, and that the defendant understood and waived his or her legal rights to contest the claim

---

[1] Judge Pressler not originally assigned to hear this case, has joined in its consideration and in this opinion.

with the procedural rights accorded to a defendant in court. 232 *N.J.Super.* at 373, 556 *A.*2d 1334.

■ The present Rules of Court treat the subject of consent judgments in *R.* 4:42–1(b), entitled "Settlement by Motion or Consent." The rule provides that a judgment must be settled on motion after notice to all parties who are not in default "unless the written approval of such attorneys or parties to the form thereof is endorsed thereon." Since the form of judgment in this case bears a consent "as to form and entry" signed by defendant, and defendant intends to submit no answer or further appearance, the judgment apparently would satisfy the rule.

■ The opinion in *First Nat'l State Bank* raises the specter of fraud if the procedure is simplified. While there is the possibility that the signature on the form is not that of the defendant, the same problem would exist if the court required a written appearance or certification such as that described in *First Nat'l State Bank.* If an unscrupulous plaintiff wished to forge one signature, it certainly could forge two or three. Likewise, an affidavit requiring that the plaintiff assert that defendant is neither an infant nor an incompetent should not defeat the entry of the consent judgment. If such a condition existed and the defendant later wished to plead such incapacity as a defense, it could be timely raised in an enforcement proceeding where such circumstances could be reviewed. Also, we note that if defendant had entered an appearance, and then consented to the judgment, no such affidavit would be required.

■ *First Nat'l State Bank* also states that the procedure employed here is the equivalent of a confession of judgment governed by *R.* 4:45–2, and that the State failed to follow this procedure. The confession of judgment encompasses an authorization *before* a loan default for a plaintiff to enter a judgment on notice to the potential judgment debtor. In the case before us, judgment is entered *after* the loan default as a method of settling

an existing claim, and only after defendant had been duly served in the action and had acknowledged her liability.

■ We also take note of the proposed amendments to *R.* 4:42–1 set forth in the 1994 report of the Civil Practice Committee, appearing at 136 *N.J.L.J.* 154A (April 18, 1994, page 40). A proposed new *R.* 4:42–1(d), to be entitled "Form of Consent Judgments and Orders," would provide in part:

> If any party to be bound by the consent judgment has not filed a responsive pleading or entered an appearance in the action, the consent judgment must bear the signature of each such party or such party's attorney, indicating consent to the form and entry of the judgment. No supporting papers shall be required for the entry .of a consent judgment unless the court specifically finds good cause to require the filing of such submissions. Consent judgments may be entered in accordance with this rule at any time following the commencement of an action, whether or not an answer or other responsive pleading has been served or filed.

This rule, if adopted, would effectively nullify the decision in *First Nat'l State Bank v. Gray.*

We do not, however, have the luxury to wait for the adoption of the revised rule. The State and other parties utilize the procedure employed in this case throughout New Jersey. In a few counties, however, the procedure has been rejected for the reasons stated in *First Nat'l State Bank.* As this case is before us, we will now endorse the procedure set forth in the proposed *R.* 4:42–1(d). In doing so, we expressly disapprove of *First Nat'l State Bank v. Gray* insofar as it is inconsistent with this opinion.

Reversed and remanded for the entry of judgment.