877 A.2d 370

AMPARO FRANCO, PLAINTIFF, v. BRANDI
RIVERA, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Hudson County

Decided February 8, 2005.

*Catherine Calabria*, argued the cause for plaintiff (*Espinosa & Espinosa*).

Brandi Rivera appeared pro se.

FAST, J.S.C., retired and on recall.

There is no reported opinion discussing the requirement that all settlements of summary actions for possession be reviewed by a judge, pursuant to *R.* 6:6–4. This opinion addresses that issue in a case based on a notice to quit and demand for possession. The notice to quit gave the tenant two months' notice to surrender possession, alleging that the tenancy was a month-to-month tenancy and that the plaintiff's ground for eviction was based on the landlord's right to terminate the tenancy pursuant to *N.J.S.A.* 2A:18–61.1(*l*)(3), so that the owner of the unit could personally occupy it.

The critical facts were that defendant is a month-to-month tenant, that this is the only unit owned by the plaintiff in a building that is in a condominium form of ownership and has forty units, and that the tenant was not a "protected" tenant under the law, although she did occupy the apartment prior to its conversion, commonly called a "pre-conversion tenant."

The parties had presented me with a proposed settlement agreement (commonly called a "pay and go" settlement [1]) requir-

---

[1] A "pay and go" settlement provides that although a judgment for possession is being entered, customarily on the day that the settlement is made, the tenant must nevertheless make some agreed-upon payment and must move out by an agreed-upon date. Pursuant to *R.* 6:6–4(a), these judgments for possession by consent must be approved by a judge in open court (unless the agreement is signed by an attorney representing the tenant, *see R.* 6:6–4(b)). The premise for approval by a judge is that the court must determine that the settlement is fair, and the premise for requiring approval in open court is so that the judge may question the parties to assist the judge in determining the fairness. At that inquiry, the judge may be advised that the tenant did not fully understand his/her rights and would not have entered into the settlement if the tenant had fully understood his/her rights, or that the settlement for some reason violates the

ing the defendant to vacate no later than May 31, 2005. I do not approve the agreement because I am not satisfied that the notice to quit was of sufficient duration. In order to determine the fairness of the proposed settlement, I had to decide whether the notice was sufficient, or whether the owner had to give the tenant more time to vacate the unit.

■ Plaintiff's Notice to Quit alleged that the ground for eviction was pursuant to *N.J.S.A.* 2A:18–61.1(*l*)(3). That subsection permits a landlord to evict a tenant when:

> The owner of a building of three residential units or less seeks to personally occupy a unit, or has contracted to sell the residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing.

However, that subsection does not relate to either a cooperative or condominium form of ownership, as is involved in this case. Therefore, I find that that subsection does not apply to this tenancy and does not provide plaintiff with a ground for eviction. Likewise, *N.J.S.A.* 2A:18–61.1 subsections (*l*)(1) and (2) apply to condominiums and cooperatives when an owner of a unit seeks to either sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing, or to personally occupy the unit. But neither of those subsections applies unless the "initial tenancy began after the master deed, agreement establishing the cooperative or subdivision plat was recorded ..." (subsection (1)), or the "initial tenancy began by rental from an owner of three or less units after the master deed or agreement establishing the cooperative was recorded ..." (subsection (2)).

---

public policy of the State. A prime example of an agreement violating the public policy is when the agreement requires a tenant to vacate within some period earlier than provided by *N.J.S.A.* 2A:18–57 (issuance of warrant of removal) and *N.J.S.A.* 2A:42–10.16(b) (execution of a warrant of removal). *See Cmty Realty Mgmt. v. Harris*, 155 *N.J.* 212, 226–227, 714 *A.2d* 282 (1998). Of course, when a tenant still intends to vacate even though the law may not require it, the tenant may vacate voluntarily even when the court rejects such a proposed settlement.

Instead, termination of a pre-conversion tenancy (the situation in this case) would be pursuant to *N.J.S.A.* 2A:18–61.1(k). As stated in *Veltri v. Norwood,* 195 *N.J.Super.* 406, 410, 479 *A.*2d 931 (App.Div.1984): "Paragraph (k) gives three-years notice protection to pre-conversion tenants in buildings of more than three units; however, paragraph (*l*) gives other condominium tenants only two months' notice protection." [2] *Kabakian v. Kobert,* 188 *N.J.Super.,* 517, 520–521, 457 *A.*2d 1229 (App.Div.1983), is to the same effect.

■ The quid pro quo for the approval of a proposed settlement, a new contract between the parties, but requiring the approval of the court when a judgment is to be entered,[3] is that each party must have received a benefit from the agreement, i.e., some consideration. Inasmuch as the notice to quit in this case gave the tenant only two months' notice to surrender possession, but three years' notice to quit is required, there is no benefit to the tenant from the proposed settlement, and I therefore reject the proposed settlement.

The complaint is dismissed, based on the deficient notice to quit.

[2] The requirement of a three years' notice for eviction pursuant to sec. 61.1(k) is found at *N.J.S.A.* 2A:18–61.2g: "For an action alleging any grounds under subsection k. of section 2, three years' notice prior to the institution of action, and provided that where there is a written lease in effect, no action shall be instituted until the lease expires."

[3] *See First Nat'l Bank v. Gray,* 232 *N.J.Super.* 368, 372, 556 *A.*2d 1334 (Law Div.1989), and *Barclays Bank v. Davidson Ave.,* 274 *N.J.Super.* 519, 522–523, 644 *A.*2d 685 (App.Div.1994).